1  James C. Bastian, Jr. – Bar No. 175415
   Mark Bradshaw – Bar No. 192540
2  **SHULMAN HODGES & BASTIAN LLP**
   26632 Towne Centre Drive, Suite 300
3  Foothill Ranch, California 92610-2808
   Telephone:    (949) 340-3400
4  Facsimile:    (949) 340-3000
   Email: jbastian@shbllp.com; mbradshaw@shbllp.com
5
6  Proposed Bankruptcy Counsel for
   Trade Union International, Inc. and
   Duck House, Inc.
7

8

9              **UNITED STATES BANKRUPTCY COURT**

10      **CENTRAL DISTRICT OF CALIFORNIA, RIVERSIDE DIVISION**

11

12  In re                              | Case No.  6:11-bk-13071-DS

13  **TRADE UNION INTERNATIONAL, INC., a** | Chapter  11
    **California corporation,**
14                                      | Motion for Joint Administration Pending
    Debtor.                            | Case No.  6:11-bk-13072-DS
15

16  In re                              | **DEBTORS IN POSSESSIONS' JOINT
                                         EMERGENCY MOTION FOR ORDER
17  DUCK HOUSE, INC.,                    DIRECTING JOINT ADMINISTRATION OF
    a California corporation,            RELATED CHAPTER 11 CASES;
18                                       MEMORANDUM OF POINTS AND
    Debtor.                             AUTHORITIES; DECLARATION OF WEN
19                                       PIN CHANG IN SUPPORT**

20
                                        Date:   February 3, 2011
21                                      Time:   2:30 P.M.
                                        Place:  Courtroom 304
22                                              3420 Twelfth Street
                                                Riverside, California
23

24

25

26

27

28

SHULMAN HODGES &
BASTIAN LLP
26632 Towne Centre Drive
Suite 300
Foothill Ranch, CA 92610

1

G:\Wp\Cases\S-T\Trade Union International\Pld\Joint Administration Motion TUI-DH cln.doc
4265-000\EXP. 56

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# TABLE OF CONTENTS

**Page**

I.    INTRODUCTION ............................................................................................. 4

II.   BACKGROUND INFORMATION ................................................................. 5

    A.    Case Commencement ............................................................................. 5

    B.    Debtors' Background .............................................................................. 5

    C.    Events Leading to the Chapter 11 Filing .............................................. 6

III.  THE RELIEF REQUESTED ............................................................................ 8

IV.   MEMORANDUM OF POINTS AND AUTHORITIES ................................. 9

V.    CONCLUSION ............................................................................................... 10

DECLARATION OF WEN PIN CHANG ............................................................... 11

**SHULMAN HODGES &
BASTIAN LLP**
26632 Towne Centre Drive
Suite 300
Foothill Ranch, CA 92610

G:\Wp\Cases\S-T\Trade Union International\Pld\Joint Administration Motion TUI-DH cln.doc
4265-000\EXP. 56

1

# TABLE OF AUTHORITIES

2

Page

3

4

## CASES

5

6

*In re Blair*,
   226 B.R. 502, 505 (Bankr. D. Me. 1993) .................................................................. 9

7

*In re Dan River Holdings, LLC*,
   Case No. 08-10726 (BLS) (Bankr.  D. Del. Apr. 22, 2008) .................................... 10

8

9

*In re I.R.C.C. Inc.*,
   105 B.R. 237, 241 (Bankr. S.D. N.Y. 1989) ............................................................ 9

10

*In re Leiner Health Products, Inc.*,
   Case No. 08-10446 (KJC) (Bankr. D. Del. Mar. 12, 2008) ................................... 10

11

12

*In re Powermate Holding Corp.*,
   Case No. 08-10498 (KG) (Bankr. D. Del. Mar. 18, 2008) ..................................... 10

13

*In re Standard Brands Paint Co.*,
   154 B.R. 563, 569 (Bankr. C.D. Cal. 1993) ............................................................. 9

14

15

*In re Toland*,
   346 B.R. 444, 449 (Bankr. N.D. Ohio 2006) ........................................................... 9

16

## STATUTES

17

Bankruptcy Code Section 1107 ............................................................................... 5, 11

18

Bankruptcy Code Section 1108 ............................................................................... 5, 11

19

Federal Rules of Bankruptcy Procedure 1015(b) ...................................................... 4, 9

20

21

## RULES

22

Federal Rule of Bankruptcy Procedure 1015(b) .......................................................... 9

23

Local Bankruptcy Rule 1015-1(b) ............................................................................... 9

24

25

26

27

28

SHULMAN HODGES &
BASTIAN LLP
26632 Towne Centre Drive
Suite 300
Foothill Ranch, CA 92610

3

G:\Wp\Cases\S-T\Trade Union International\Pld\Joint Administration Motion TUI-DH cln.doc

4265-000\EXP. 56

1  **TO THE HONORABLE DEBORAH J. SALTZMAN, UNITED STATES BANKRUPTCY**

2  **JUDGE, THE OFFICE OF THE UNITED STATES TRUSTEE, AND OTHER PARTIES-**

3  **IN-INTEREST:**

4      Trade Union International, Inc., a California corporation ("Trade Union") and Duck

5  House, Inc., a California corporation ("Duck House"), each a debtor and debtor-in-possession

6  (collectively the "Debtors") pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy

7  Procedure are jointly bringing this Emergency Motion for Order Directing Joint Administration

8  of Related Chapter 11 Cases ("Motion") and in support of the Motion submit the following:

9  **I.    INTRODUCTION**

10      The Debtors' businesses are located at #1 Topline Plaza, 4651 State Street, in Montclair,

11  California.  Trade Union supplies top quality aftermarket aluminum alloy wheels and wheel and

12  truck accessories.  Duck House supplies sports licensing products.   The Debtors' assets are

13  encumbered by liens in favor of a bank group consisting of Cathay Bank and China Trust Bank

14  ("Bank Group").

15      Trade Union and Duck House are affiliates of each other within the meaning of

16  Bankruptcy Code Section 101(2) and as such their bankruptcy cases are related cases within the

17  meaning of Local Bankruptcy Rule 1015-2(a).  The Debtors share the same principal officers and

18  each are owned by the same two shareholders.   In addition, the Debtors are co-debtors on a loan

19  from the Bank Group described below. The Debtors intend to reorganize their financial affairs

20  quickly and efficiently and in connection therewith, the Debtors need to minimize the

21  administrative burden of their bankruptcy cases.  The complexity of these bankruptcy cases are

22  such that maintaining separate dockets and preparing separate pleadings for the same or similar

23  relief in each case would create no added benefit to the Estates, would likely only serve to

24  confuse creditors, and would ensure that additional professional fees would be incurred.  The

25  interests of judicial economy, the need to avoid inconsistent rulings, and the need to have assets

26  attributed to the correct bankruptcy estate, are among the reasons that joint administration of the

27  related cases is necessary.  The Debtors believe that the Motion for joint administration of the

28

SHULMAN HODGES &
BASTIAN LLP
26632 Towne Centre Drive
Suite 300
Foothill Ranch, CA 92610

4

G:\Wp\Cases\S-T\Trade Union International\Pld\Joint Administration Motion TUI-DH cln.doc
4265-000\EXP. 56

1    cases will aid the administration of the Estates and is a prudent and reasonable exercise of their

2    business judgment.  Accordingly, the Debtors request approval of the Motion without delay.

3    **II.    BACKGROUND INFORMATION**

4    **A.    Case Commencement**

5    Trade Union filed a voluntary petition for relief under Chapter 11 of Title 11 of the

6    United States Code on January 31, 2011 ("Petition Date").  Trade Union is affiliated with Duck

7    House which also filed a Chapter 11 bankruptcy on January 31, 2011, Case No. 6:11-bk-13072-

8    DS.

9    Trade Union and Duck House are each continuing in possession of their property, and

10   operating and managing their respective business, as debtors-in-possession pursuant to

11   Bankruptcy Code Sections 1107 and 1108.

12   **B.    Debtors' Background**

13   Trade Union and Duck House are each owned one-half by Wen Pin Chang and one-half

14   by Mei Lien Chang (the "Changs").  The Changs immigrated to the United States from Taiwan

15   in 1981  to pursue their studies.  Mr. Chang received an MBA from North Texas University in

16   1977.  Mrs. Chang received a Master of Arts in Sociology, and later was granted a Fulbright

17   Scholarship to pursue her Ph. D at UCLA.  The Changs moved to Los Angeles in 1981.  Mr.

18   Chang formed Trade Union in 1981 and officially incorporated it in 1984 in order to supply top

19   quality aftermarket aluminum alloy wheels and wheel and truck accessories.  Trade Union's

20   products are manufactured in Taiwan and China and are shipped to the United States for

21   distribution to wholesalers and retailers.  Trade Union is known for product lines which include

22   Verde Custom Wheels, Black Ice Alloys, and Topline Products.

23   Duck House was established in 1981 and officially incorporated in 1986.  Duck House

24   specializes in designing products for sports enthusiasts.  In order to offer the most competitive

25   prices, the products are manufactured in factories in China and Taiwan and then distributed by

26   Duck House in the United States.

27   The Debtors' corporate office is located in Montclair and this facility includes more than

28   100,000 square feet of warehouse space.

**SHULMAN HODGES &
BASTIAN LLP**
26632 Towne Centre Drive
Suite 300
Foothill Ranch, CA 92610

G:\Wp\Cases\S-T\Trade Union International\Pld\Joint Administration Motion TUI-DH cln.doc
4265-000\EXP. 56

**C.    Events Leading to the Chapter 11 Filing**

Cathay Bank is the agent for the Bank Group. The Bank Group has a secured loan balance in the amount of approximately $13 million and asserts a security interest over all the assets of the Debtors. The loan is personally guaranteed by the Changs, the principals of the Debtors. To preserve its collateral, the Bank Group maintained a lockbox account into which all of the Debtors' receivables were placed.

In May 2010, the Debtors began discussions with the Bank Group relating to a forbearance agreement and restructuring of the loan. Through this period up until December 2010, the Debtors paid more than $3.5 million of principal on the loan while also keeping current on the interest payments. This enabled the reduction of the outstanding loan balance from $16.5 million to $13 million.

On October 27, 2010, in consideration of assurances by the Bank Group that it would agree to a restructuring of the Bank Group loan, the Changs granted the Bank Group a deed of trust on a previously unencumbered unimproved parcel zoned for residential real estate located at 22840 Ridgeline Road, Diamond Bar, CA ("Ridgeline Property"). Rather than agree to any restructure, the Bank Group only extended the forbearance agreement four days (from October 27, 2010 to October 31, 2010). A sale of the Ridgeline Property closed on January 28, 2011 at which time the Bank Group was paid in excess of $1.1 million which was applied toward the principal balance of the outstanding loan balance.

Negotiations between the Debtors and the Bank Group broke down in early January. On January 4, 2011, the Bank Group terminated all discussions and terminated all Debtors' access to their cash, yet made it clear to the Debtors that they were not enforcing its legal remedies. As a direct result of the Bank Group's actions, the Debtors were unable to operate. The Debtors had no access to funds with which to pay necessary operating expenses, including payroll. In addition, the Debtors had almost $300,000 in outstanding checks that bounced because of the Bank Group's actions.

As a result of the Bank Group's actions, Debtors had no choice but to open a new bank account and direct their customers to make payments to that bank account to try and cover issued

SHULMAN HODGES &
BASTIAN LLP
26632 Towne Centre Drive
Suite 300
Foothill Ranch, CA 92610

6

G:\Wp\Cases\S-T\Trade Union International\Pld\Joint Administration Motion TUI-DH cln.doc
4265-000\EXP. 56

1   checks, payroll and other necessary expenses of the business.  As such, on January 10, 2011, the

2   Debtors contacted their customers and directed them to forward any payments to a new account

3   at U.S. Bank. The Bank Group asserted that these actions were improper.

4           On January 10, 2011, the Bank Group notified the Debtors that the Bank Group applied

5   $463,271 from the accounts maintained at Cathay Bank toward the Debtors' outstanding

6   revolving loans.  This action caused forty-five checks to bounce for non-sufficient funds.  The

7   Bank Group also shut down all on-line banking for both Trade Union and Duck House.  The

8   Debtors were unable to access funds in their checking accounts and the lock box accounts and

9   there was no visibility regarding banking activities in the Debtors' accounts held at the Bank

10  Group.   The Debtors are advised that the Bank Group has continued to sweep the Debtors'

11  lockbox accounts and applied the additional cash towards the principal of the Debtors'

12  outstanding loan balance.  At this time, the Debtors have not received an updated accounting and

13  do not know the total amount by which the principal loan balance has been reduced on account

14  of the Bank Group's sweeping of the Debtors' accounts.

15          On January 12, 2011, the Bank Group and the Debtors, along with their counsel, met to

16  discuss a possible resolution.  The Bank Group informed the Debtors that it would be seeking the

17  appointment of a receiver to liquidate the Debtors.  After further negotiations did not result in a

18  resolution, the Bank Group provided ex parte notice of its motion to have a receiver appointed

19  and scheduled a hearing in state court for the morning of January 28, 2011, which was continued

20  to January 31, 2011.  As the Debtors' believed that the appointment of a receiver would be to the

21  detriment of the unsecured creditors and equity holders, and result in a possibly huge deficiency

22  claim to the Bank Group, the Debtors' filed their chapter 11 cases to control the orderly sale of

23  their assets and possibly preserve a going concern through a Bankruptcy Code Section 363 sale

24  or a plan of reorganization.

25  ////

26  ////

27

28

SHULMAN HODGES &
BASTIAN LLP
26632 Towne Centre Drive
Suite 300
Foothill Ranch, CA 92610

7

G:\Wp\Cases\S-T\Trade Union International\Pld\Joint Administration Motion TUI-DH cln.doc
4265-000\EXP. 56

### III.    THE RELIEF REQUESTED

By this Motion the Debtors seek entry of an order directing the joint administration of these Chapter 11 cases.  The Debtors request that the Court maintain one file and one docket for all of the jointly administered cases under the case number assigned to Trade Union and that these Chapter 11 cases be administered under a consolidated caption substantially as follows:

| | |
|---|---|
| In re<br><br>**TRADE UNION INTERNATIONAL, INC., a California corporation,**<br><br>Debtor. | Case No.  6:11-bk-13071-DS<br><br>Chapter  11<br><br>Jointly Administered with<br>Case No.  6:11-bk-13072-DS |
| In re<br><br>**DUCK HOUSE, INC.,**<br>**a California corporation,**<br><br>Debtor. | **TITLE OF DOCUMENT**<br><br>Date:   To Be Set<br>Time:  To Be Set<br>Place:  Courtroom 304<br>            3420 Twelfth Street<br>            Riverside, California |

The Debtors also request that an entry be made on the docket of Duck House that is substantially similar to the following:

> An order has been entered in accordance with Rule 1015(b) of the Federal Rules of Bankruptcy Procedure and Local Bankruptcy Rule 1015-1(b) directing joint administration of the Chapter 11 cases of Trade Union International, Inc. and Duck House, Inc.  All further pleadings and other papers shall be filed in and all further docket entries shall be made in Case No. 6:11-bk-13071-DS

The Debtors believe that maintaining one docket and case caption will greatly reduce costs, confusion, and time in these cases.  The interests of judicial economy, the need to avoid inconsistent rulings, and the need to have assets attributed to the correct bankruptcy estate, are among the reasons that joint administration is necessary.   Therefore, the Debtors submit that this Motion should be granted as a reasonable exercise of the Debtors' business judgment and as being in the best interest of the Estates and their creditors.

**SHULMAN HODGES & BASTIAN LLP**
26632 Towne Centre Drive
Suite 300
Foothill Ranch, CA 92610

G:\Wp\Cases\S-T\Trade Union International\Pld\Joint Administration Motion TUI-DH cln.doc
4265-000\EXP. 56

### IV.    MEMORANDUM OF POINTS AND AUTHORITIES

Federal Rule of Bankruptcy Procedure 1015(b) provides, in pertinent part, that if two or more petitions are pending in the same court by or against a debtor and an affiliate, the court may order joint administration of the estates of the debtor and its affiliates.  Federal Rule of Bankruptcy Procedure 1015(b).  Local Bankruptcy Rules provide that such relief may be granted without notice and an opportunity for a hearing.  *See*, LBR 1015-1(b).

Given the integrated nature of the Debtors' operations, joint administration of these Chapter 11 cases will provide significant administrative convenience without harming the substantive rights of any party in interest.  Many of the motions, hearings and orders that will arise in these cases will affect both of the Debtors.  The entry of an order directing joint administration of these Chapter 11 cases will reduce fees and costs by avoiding duplicative filings and objections.  Joint administration will allow the Court, the Office of the United States Trustee and all parties in interest to monitor these Chapter 11 cases with greater ease.

Additionally, joint administration of these chapter 11 cases will not adversely affect the Debtors' respective constituencies because the Debtors request only joint administration, not substantive consolidation, of the Debtors' cases.  Parties in interest will not be harmed by the relief requested but instead, will benefit from the cost reduction associated with the joint administration of these Chapter 11 cases.

Joint administration and substantive consolidation differ greatly.   In substantive consolidation, assets and liabilities are pooled and generally, the separate entities' creditors share pro rata in the estates' aggregate net value.  *See*, *In re Standard Brands Paint Co.,* 154 B.R. 563, 569 (Bankr. C.D. Cal. 1993); *In re I.R.C.C. Inc.,* 105 B.R. 237, 241 (Bankr. S.D. N.Y. 1989). Joint administration; however, is merely procedural and has no impact on creditors'' substantive rights.  *See*, *In re Toland*, 346 B.R. 444, 449 (Bankr. N.D. Ohio 2006); *In re Blair*, 226 B.R. 502, 505 (Bankr. D. Me. 1993).  Thus, there will be no material prejudice to creditors or other parties in interest if these estates are jointly administered.  Indeed, the interests of creditors will be served by the reduction in costs and administrative burdens resulting from joint administration.

SHULMAN HODGES &
BASTIAN LLP
26632 Towne Centre Drive
Suite 300
Foothill Ranch, CA 92610

G:\Wp\Cases\S-T\Trade Union International\Pld\Joint Administration Motion TUI-DH cln.doc
4265-000\EXP. 56

1    The entry of a joint administration order in related cases is routinely granted and non-

2   controversial.  *See, e.g., In re Dan River Holdings, LLC,* Case No. 08-10726 (BLS) (Bankr.  D.

3   Del. Apr. 22, 2008); *In re Powermate Holding Corp.,* Case No. 08-10498 (KG) (Bankr. D. Del.

4   Mar. 18, 2008); *In re Leiner Health Products, Inc.,* Case No. 08-10446 (KJC) (Bankr. D. Del.

5   Mar. 12, 2008).

6                                    **V.    CONCLUSION**

7        **WHEREFORE**, for all of the foregoing reasons, the Debtors respectfully submit that

8   good cause exists to grant this Motion and request that the Court enter an order granting this

9   Motion, directing the joint administration of their related cases, and for such other and further

10  relief as the Court deems just and proper.

11

12                                    Respectfully submitted,

13  Dated:  February 2, 2011           **SHULMAN HODGES & BASTIAN LLP**

14

15                                    /s/ James C. Bastian, Jr.
                                      _____
16                                    James C. Bastian, Jr.
                                      Mark Bradshaw
17                                    Proposed Counsel for Debtors in Possession
                                      Trade Union International, Inc., a California corporation
18                                    Duck House, Inc., a California corporation

19

20

21

22

23

24

25

26

27

28

G:\Wp\Cases\S-T\Trade Union International\Pld\Joint Administration Motion TUI-DH cln.doc
4265-000\EXP. 56

## DECLARATION OF WEN PIN CHANG

I, Wen Pin Chang, declare as follows:

1.        I am the President of Trade Union International, Inc., a California corporation ("Trade Union"), and Duck House, Inc., a California corporation ("Duck House"), each a debtor and debtor in possession (collectively the "Debtors"), and am one of the persons responsible for the administration of the Debtors.  I have personal knowledge of the facts set forth herein and could, if called as a witness, competently testify thereto.  I am also personally familiar with, and am custodian of, the records of the Debtors as they pertain to the financial records set forth herein.  The records of the Debtors are made by employees or agents of the Debtors who report to me and who have a business duty to enter the records of the Debtors accurately and at or near the time of the event which they record.

2.        I make this Declaration in support of the Debtors' Joint Emergency Motion for Order Directing Joint Administration of Related Chapter 11 Cases ("Motion").  Unless otherwise noted, capitalized terms herein have the meaning as set forth in the Motion.

3.        Trade Union filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code on January 31, 2011 ("Petition Date").   Trade Union is affiliated with Duck House which also filed a Chapter 11 bankruptcy on January 31, 2011, Case No. 6:11-bk-13072-DS.

4.        Trade Union and Duck House are each continuing in possession of their property, and operating and managing their respective business, as debtors-in-possession pursuant to Bankruptcy Code Sections 1107 and 1108.

5.        Trade Union and Duck House are each owned one-half by Mrs. Chang and one-half by me.  Mrs. Chang and I immigrated to the United States from Taiwan in 1981 to pursue our studies.  I received an MBA from North Texas University in 1977.  Mrs. Chang received her Master of Arts in Sociology, and later was granted a Fulbright Scholarship to pursue her Ph. D at UCLA.  We moved to Los Angeles in 1981.  I formed Trade Union in 1981 and officially incorporated it in 1984 in order to supply top quality aftermarket aluminum alloy wheels and wheel and truck accessories.  Trade Union's products are manufactured in Taiwan and China and

SHULMAN HODGES &
BASTIAN LLP
26632 Towne Centre Drive
Suite 300
Foothill Ranch, CA 92610

G:\Wp\Cases\S-T\Trade Union International\Pld\Joint Administration Motion TUI-DH cln.doc
4265-000/EXP. 56

1    are shipped to the United States for distribution to wholesalers and retailers.  Trade Union is

2    known for product lines which include Verde Custom Wheels, Black Ice Alloys, and Topline

3    Products.

4          6.     Duck House was established in 1981 and officially incorporated in 1986.  Duck

5    House specializes in designing products for sports enthusiasts.  In order to offer the most

6    competitive prices, the products are manufactured in factories in China and in Taiwan and then

7    distributed by Duck House in the United States.

8          7.     The Debtors' corporate office is located in Montclair and this facility includes

9    more than 100,000 square feet of warehouse space.

10          8.     Cathay Bank is the agent for the Bank Group.  The Bank Group has a secured

11    loan balance in the amount of approximately $13 million and asserts a security interest over all

12    the assets of the Debtors.  The loan is personally guaranteed by Mrs. Chang and I, the principals

13    of the Debtors.  To preserve its collateral, the Bank Group maintained a lockbox account into

14    which all of the Debtors' receivables were placed.

15          9.     In May 2010, the Debtors began discussions with the Bank Group relating to a

16    forbearance agreement and restructuring of the loan.  Through this period up until December

17    2010, the Debtors paid more than $3.5 million of principal on the loan while also keeping current

18    on the interest payments.  This enabled the reduction of the outstanding loan balance from $16.5

19    million to $13 million.

20          10.    On October 27, 2010, in consideration of assurances by the Bank Group that it

21    would agree to a restructuring of the Bank Group loan, Mrs. Chang and I granted the Bank

22    Group a deed of trust on a previously unencumbered unimproved parcel zoned for residential

23    real estate located at 22840 Ridgeline Road, Diamond Bar, CA ("Ridgeline Property").  Rather

24    than agree to any restructure, the Bank Group only extended the forbearance agreement four

25    days (from October 27, 2010 to October 31, 2010).  A sale of the Ridgeline Property closed on

26    January 28, 2011 at which time the Bank Group was paid in excess of $1.1 million which was

27    applied toward the principal balance of the outstanding loan balance.

28

**SHULMAN HODGES &
BASTIAN LLP**
26632 Towne Centre Drive
Suite 300
Foothill Ranch, CA 92610

12

G:\Wp\Cases\S-T\Trade Union International\Pld\Joint Administration Motion TUI-DH cln.doc
4265-000\EXP. 56

11.     Negotiations between the Debtors and the Bank Group broke down in early January.  On January 4, 2011, the Bank Group terminated all discussions and terminated all Debtors' access to their cash, yet made it clear to the Debtors that they were not enforcing its legal remedies.  As a direct result of the Bank Group's actions, the Debtors were unable to operate.  The Debtors had no access to funds with which to pay necessary operating expenses, including payroll.  In addition, the Debtors had almost $300,000 in outstanding checks that bounced because of the Bank Group's actions.

12.     As a result of the Bank Group's actions, Debtors had no choice but to open a new bank account and direct their customers to make payments to that bank account to try and cover issued checks, payroll and other necessary expenses of the business.  As such, on January 10, 2011, the Debtors contacted their customers and directed them to forward any payments to a new account at U.S. Bank. The Bank Group asserted that these actions were improper.

13.     On January 10, 2011, the Bank Group notified the Debtors that the Bank Group applied $463,271 from the accounts maintained at Cathay Bank toward the Debtors' outstanding revolving loans.  This action caused forty-five checks to bounce for non-sufficient funds.  The Bank Group also shut down all on-line banking for both Trade Union and Duck House.  The Debtors were unable to access funds in their checking accounts and the lock box accounts and there was no visibility regarding banking activities in the Debtors' accounts held at the Bank Group.  The Debtors are advised that the Bank Group has continued to sweep the Debtors' lockbox accounts and applied the additional cash towards the principal of the Debtors' outstanding loan balance.  At this time, the Debtors have not received an updated accounting and do not know the total amount by which the principal loan balance has been reduced on account of the Bank Group's sweeping of the Debtors' accounts.

14.     On January 12, 2011, the Bank Group and the Debtors, along with their counsel, met to discuss a possible resolution.  The Bank Group informed the Debtors that it would be seeking the appointment of a receiver to liquidate the Debtors.  After further negotiations did not result in a resolution, the Bank Group provided ex parte notice of its motion to have a receiver

SHULMAN HODGES & BASTIAN LLP
26632 Towne Centre Drive
Suite 300
Foothill Ranch, CA 92610

G:\Wp\Cases\S-T\Trade Union International\Pld\Joint Administration Motion TUI-DH cln.doc
4265-000/EXP. 56

1  appointed and scheduled a hearing in state court for the morning of January 28, 2011, which was

2  continued to January 31, 2011.  As the Debtors' believed that the appointment of a receiver

3  would be to the detriment of the unsecured creditors and equity holders, and result in a possibly

4  huge deficiency claim to the Bank Group, the Debtors' filed their chapter 11 cases to control the

5  orderly sale of their assets and possibly preserve a going concern through a Bankruptcy Code

6  Section 363 sale or a plan of reorganization.

7        15.    By this Motion the Debtors seek entry of an order directing the joint

8  administration of these Chapter 11 cases.  The Debtors request that the Court maintain one file

9  and one docket for the jointly administered cases under the case number assigned to Trade Union

10 and that these Chapter 11 cases be administered under a consolidated caption substantially as set

11 forth in the Motion.

12       16.    The Debtors believe that maintaining one docket and case caption will greatly

13 reduce costs, confusion, and time in these cases.  The interests of judicial economy, the need to

14 avoid inconsistent rulings, and the need to have assets attributed to the correct bankruptcy estate,

15 are among the reasons that joint administration is necessary. Therefore, the Debtors submit that

16 this Motion should be granted as a reasonable exercise of the Debtors' business judgment and as

17 being in the best interest of the Estates and their creditors.

18       I declare under penalty of perjury under the laws of the United States of America that the

19 foregoing is true and correct.

20       Executed on February 2, 2011, at Montclair, California.

21

22                                          Wen Pin Chang

23

24

25

26

27

28

SHULMAN HODGES &
BASTIAN LLP
26632 Towne Centre Drive
Suite 300
Foothill Ranch, CA 92610

G:\Wp\Cases\S-T\Trade Union International\Pld\Joint Administration Motion TUI-DH cln.doc
4265-000\EXP. 56