1  James C. Bastian, Jr. - Bar No. 175415
   Mark Bradshaw - Bar No. 192540
2  **SHULMAN HODGES & BASTIAN LLP**
   8105 Irvine Center Drive, Suite 600
3  Irvine, California 92618
   Telephone:    (949) 340-3400
4  Facsimile:    (949) 340-3000
   Email:        jbastian@shbllp.com; mbradshaw@shbllp.com
5

6  Attorneys for Trade Union International, Inc. and Duck House, Inc.,
   Debtors and Debtors in Possession
7

8

9              **UNITED STATES BANKRUPTCY COURT**

10     **CENTRAL DISTRICT OF CALIFORNIA, RIVERSIDE DIVISION**

11

12  In re                                    Case No.  6:11-bk-13071-DS

13  **TRADE UNION INTERNATIONAL,**            Chapter  11
    **INC., a California corporation,**
14                                            Jointly Administered with
    Debtor.                                  Case No.  6:11-bk-13072-DS
15

16  In re                                    **DEBTORS AND DEBTORS IN**
                                             **POSSESSIONS' MOTION FOR ORDER**
17  **DUCK HOUSE, INC., a California**        **AUTHORIZING EMPLOYMENT OF KAM**
    **corporation,**                         **LOUIE, ATTORNEY AT LAW AS THE**
18                                           **DEBTORS' SPECIAL INTELLECTUAL**
    Debtor.                                  **PROPERTY COUNSEL; MEMORANDUM**
19                                           **OF POINTS AND AUTHORITIES;**
                                             **DECLARATION OF KAM LOUIE IN**
20                                           **SUPPORT**

21                                           [No Hearing Set]

22

23

24

25

26

27

28

**SHULMAN HODGES &**
**BASTIAN LLP**
8105 Irvine Center Drive
Suite 600
Irvine, CA 92618

                              1

# TABLE OF CONTENTS

**Page**

I.    INTRODUCTION ................................................................................................ 3

II.    BACKGROUND INFORMATION ...................................................................... 3

    A.    Background Information ............................................................................ 3

    B.    Descriptions of the Debtors' Businesses .................................................. 4

    C.    Amounts Paid to the Firm Prior to the Petition Date ............................... 4

    D.    Services to be Performed .......................................................................... 4

    E.    The Services to Be Performed Will Not Duplicate Services by Other
        Professionals in the Case .......................................................................... 5

    F.    Qualifications of the Firm ......................................................................... 5

    G.    The Firm is "Disinterested" ...................................................................... 5

    H.    Compensation Procedures ........................................................................ 6

III.    MEMORANDUM OF POINTS AND AUTHORITIES ...................................... 8

    A.    The Bankruptcy Code Authorizes the Debtors to Employ Professionals ............... 8

    B.    Cause Exists to Pay the Firm in the Ordinary Course of the Debtor's
        Business Affairs ....................................................................................... 9

    C.    The Horizontal Dimension Test .............................................................. 10

    D.    The Vertical Dimension Test .................................................................. 11

IV.    CONCLUSION ................................................................................................. 12

DECLARATION OF KAM LOUIE ............................................................................ 13

SHULMAN HODGES &
BASTIAN LLP
8105 Irvine Center Drive
Suite 600
Irvine, CA 92618

4265-000\23
Z:\S-T\Trade Union International\Pld\Employ Mtn-Louie.doc

1  TO THE HONORABLE DEBORAH J. SALTZMAN, UNITED STATES BANKRUPTCY

2  JUDGE; OFFICE OF THE UNITED STATES TRUSTEE AND ALL INTERESTED

3  PARTIES:

4  

## I.      INTRODUCTION

5      Trade Union International, Inc., a California corporation ("Trade Union") and Duck

6  House, Inc., a California corporation ("Duck House"), each a debtor and debtor-in-possession

7  (collectively the "Debtors"), jointly bring this motion ("Motion") for a Court order authorizing

8  the employment of Kam Louie, Attorney at Law ("Firm") as the Debtors' special intellectual

9  property counsel and for authorization to pay the Firm in the ordinary course of the Debtors'

10  business affairs, without further notice, hearing or Court order as long as the Firm's total fees

11  and costs do not exceed $10,000 for the non-litigation type services.  As set forth below, one of

12  pending trademark applications is subject to an opposition and will require litigation before the

13  United States Patent and Trademark Office.  The fees related to such trademark litigation matter

14  may exceed the estimated $10,000 budget.    As such, the Debtors will not pay the Firm's

15  compensation in excess of $10,000 absent a Court order and the Firm will be required to file

16  applications for allowance of fees and reimbursement of costs in compliance with Sections 330

17  and 331 of the Bankruptcy Code for amounts exceeding $10,000.

18      In support of the Motion, the Debtors respectfully represent as follows:

19  

## II.      BACKGROUND INFORMATION

20  **A.      Background Information**

21      Trade Union filed a voluntary petition for relief under Chapter 11 of Title 11 of the

22  United States Code on January 31, 2011 ("Petition Date").  Trade Union is affiliated with Duck

23  House which also filed a Chapter 11 bankruptcy on January 31, 2011, Case No. 6:11-bk-13072-

24  DS.

25      Pursuant to Court Order entered February 10, 2011, the Chapter 11 case of Trade Union

26  is being jointly administered with the Chapter 11 case of Duck House.

27

28

SHULMAN HODGES &
BASTIAN LLP
8105 Irvine Center Drive
Suite 600
Irvine, CA 92618

3

4265-000\23
Z:\S-T\Trade Union International\Pld\Employ Mtn-Louie.doc

1    Trade Union and Duck House are each continuing in possession of their property, and

2    operating and managing their respective business, as debtors-in-possession pursuant to

3    Bankruptcy Code Sections 1107 and 1108.

4    **B.    Descriptions of the Debtors' Businesses**

5    Trade Union was formed in 1981 and officially incorporated it in 1984 in order to supply

6    top quality aftermarket aluminum alloy wheels and wheel and truck accessories.  Trade Union's

7    products are manufactured in Taiwan and China and are shipped to the United States for

8    distribution to wholesalers and retailers.  Trade Union is known for product lines which include

9    Verde Custom Wheels, Black Ice Alloys, and Topline Products.

10   Duck House was established in 1981 and officially incorporated in 1986.  Duck House

11   specializes in designing products for sports enthusiasts.  In order to offer the most competitive

12   prices, the products are manufactured in factories in China and Taiwan and then distributed by

13   Duck House in the United States.

14   **C.    Amounts Paid to the Firm Prior to the Petition Date**

15   Prior to the Petition Date, the Debtors employed the Firm as their intellectual property

16   counsel to assist them with trademark activities including securing, maintaining, and enforcing

17   the Trade Union's trademark rights for its product lines.

18   No fees were paid to the Firm by the Debtors during the one year period prior to the

19   Petition Date.  As of the Petition Date, the Firm was not a creditor of the Estate and was not

20   owed any funds by the Debtors.

21   The Firm has not received a retainer for the services to be performed herein.

22   **D.    Services to be Performed**

23   The Debtors need to employ the Firm to assist with trademark matters, including the

24   preparation  and filing of documents with the United States Patent and Trademark Office that are

25   necessary for securing, maintaining, and enforcing Trade Union's trademark rights for its

26   product lines which include Topline, Verde, Wheel Relicas & Design, V Rock & Design and

27   others.  Briefly, there are eight pending applications, four of which will require revival fees in

28   addition to extension and Statement of Use related fees.  One of the pending applications (V

SHULMAN HODGES &
BASTIAN LLP
8105 Irvine Center Drive
Suite 600
Irvine, CA 92618

4

4265-000\23
Z:\S-T\Trade Union International\Pld\Employ Mtn-Louie.doc

1    Rock) is subject to an opposition and will require litigation before the United States Patent and

2    Trademark Office.

3    **E.    The Services to Be Performed Will Not Duplicate Services by Other Professionals in**

4    **the Case**

5    The Debtors have employed the following professionals:

6    •    Shulman Hodges & Bastian LLP as the Debtor's general counsel in this

7    bankruptcy case.

8    •    Tatum, LLC, a division of SFN Professional Services LLC ("Tatum" or the

9    "Firm") as the Debtors' reorganization consultant.

10    •    Lan Liu & Company ("Firm") as the Debtors' accountant (a hearing on the

11    motion for employment of the firm is scheduled for June 23, 2011.

12    None of the services to be performed by the Firm as special intellectual property counsel

13    will duplicate the services performed by other professionals in the case.

14    **F.    Qualifications of the Firm**

15    The Debtors believe that the Firm is well-qualified to render the intellectual property

16    services required herein.  Mr. Louie is registered as a patent attorney before the United States

17    Patent and Trademark Office and is a member of the California State Bar.  He has been a patent

18    prosecutor for over seventeen years. Mr. Louie received his B.S. and his J.D. degrees from the

19    University of California and handles both patent and trademark prosecution matters. Mr. Louie is

20    a native of Hong Kong and speaks Mandarin and Cantonese.  Mr. Louie's resume is attached as

21    **Exhibit 1** to the Declaration of Kam Louie.   Mr. Louie's billing rate is $350 per hour.

22    **G.    The Firm is "Disinterested"**

23    The Firm has prior relationships with Debtors but the Firm does not have an interest

24    adverse to the Debtors or  the Estates.  The Firm has been performing legal services for the

25    Debtors for over fifteen years.  As of the Petition Date the Firm was not a creditor and was owed

26    any money by the Debtors.

27    To the best of the Firm's knowledge, neither the Firm, nor any of the professionals

28    comprising or employed by it, have any connection with the Debtors, their creditors or any other

SHULMAN HODGES &
BASTIAN LLP
8105 Irvine Center Drive
Suite 600
Irvine, CA 92618

5

4265-000\23
Z:\S-T\Trade Union International\Pld\Employ Mtn-Louie.doc

1  party in interest, their respective attorneys, the United States trustee, or any person employed in

2  by the Office of the United States Trustee.

3       To the best of the Firm's knowledge, none of the professionals comprising or employed

4  by the Firm are related to any judge of the United States Bankruptcy Court for the Central

5  District of California, or to the United States Trustee or any employee of the United States

6  Trustee.

7       To the best of the Firm's knowledge, the Firm is both disinterested as that term is defined

8  in Bankruptcy Code Section 101(14) and represents no interest adverse to the Debtors or their

9  Estates.

10  **H.**     **Compensation Procedures**

11       The Firm has not received a retainer for the services to be performed herein.

12       The Firm will render services to the Debtors at the Firm's regular rate.  It is anticipated

13  that the Firm's total fees and costs for the non-litigation trademark matters will not exceed

14  $10,000.  As set forth above, one of pending trademark applications is subject to an opposition

15  and will require litigation before the United States Patent and Trademark Office.  The fees

16  related to such trademark litigation matter may exceed the estimated $10,000 budget.  As such,

17  the Debtors will not pay the Firm's compensation in excess of $10,000 absent a Court order and

18  the Firm will be required to file applications for allowance of fees and reimbursement of costs in

19  compliance with Sections 330 and 331 of the Bankruptcy Code for amounts exceeding $10,000.

20       The Debtors request authorization to pay compensation to the Firm in the ordinary course

21  of the Debtors' business affairs, without further notice, hearing or Court order as long as the

22  Firm's total fees and costs do not exceed $10,000.  The services provided by the Firm are

23  necessary, are an ordinary function of the Debtors' business operations and will benefit the

24  Estate by preserving valuable trademarks.  In any event, the Debtors will not pay the Firm's

25  compensation in excess of $10,000 absent a Court order and the Firm will be required to file

26  applications for allowance of fees and reimbursement of costs in compliance with Sections 330

27  and 331 of the Bankruptcy Code for amounts exceeding $10,000..

28

SHULMAN HODGES &
BASTIAN LLP
8105 Irvine Center Drive
Suite 600
Irvine, CA 92618

6

4265-000\23
Z:\S-T\Trade Union International\Pld\Employ Mtn-Louie.doc

1      The Firm is aware of the provisions of Bankruptcy Code Section 328(a) and has agreed,

2  notwithstanding the terms and conditions of employment herein set forth, that the Court may

3  allow compensation different from the compensation provided herein if such terms and

4  conditions prove to have been improvident in light of developments unanticipated at the time of

5  the fixing of such terms and conditions.

6      The Firm has not shared or agreed to share any compensation to be received by it in this

7  case with any other person, except as among partners of the Firm.

8      **WHEREFORE**, the Debtor requests that the Court enter order as follows:

9      1.    Based upon the foregoing and pursuant to Bankruptcy Code Section 327 and

10  Federal Rule of Bankruptcy Procedure 2014(a), the Debtors be authorized to employ the Firm as

11  their special intellectual property law counsel pursuant to the terms and conditions as set above,

12  with compensation for the Firm to be paid in accordance in the ordinary course of the Debtors'

13  business affairs, without further notice, hearing or Court order as long as the Firm's total fees

14  and costs do not exceed $10,000.  Any of the Firm's total fees and costs that exceed $10,000,

15  will not be paid by the Debtors and the Firm will be required to file applications for allowance of

16  fees and reimbursement of costs in compliance with Sections 330 and 331 of the Bankruptcy

17  Code for the amounts exceeding $10,000.

18      2.    The Court grant to the Debtors and the Firm such other and further relief as may

19  be just and proper under the circumstances of this case.

20

21

22  Dated: June 14, 2011          **TRADE UNION INTERNATIONAL, INC.,**
                                   **a California corporation**

23                           **DUCK HOUSE, INC.,**
                                   **a California corporation**

24

25

26                          Wen Pin Chang, President

27

28

SHULMAN HODGES &
BASTIAN LLP
8105 Irvine Center Drive
Suite 600
Irvine, CA 92618

7

4265-000\23
Z:\S-T\Trade Union International\Pld\Employ Min-Louie.doc

III.    **MEMORANDUM OF POINTS AND AUTHORITIES**

A.    **The Bankruptcy Code Authorizes the Debtors to Employ Professionals**

Section 327 of the Bankruptcy Code, which governs employment of professional persons, provides, in pertinent part, as follows:

> . . . the trustee, with the court's approval, may employ one or more attorneys, accountants, appraisers, auctioneers, or other professional persons, that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the trustee in carrying out the trustee's duties under this title.

11 U.S.C. § 327(a).

Except for certain limitations not applicable here, a debtor has all of the rights and powers of, and performs all of the functions and duties of, a trustee in a Chapter 11 case.  11 U.S.C. § 1107(a).

Section 328(a) of the Bankruptcy Code provides that any agreement or arrangement concerning the employment or compensation of a professional by a debtor in possession is subject to court review and approval and that such arrangement must be reasonable.  11 U.S.C. § 328(a).  Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") mandates that a professional seeking approval of its employment by the bankruptcy estate must disclose ". . . any proposed arrangement for compensation . . ." and ". . . all of the person's connections with the debtor, creditors, any other party in interest, their respective attorneys and accountants, [and] the United States Trustee . . . ."

The disclosure requirements of Section 328(a) and Rule 2014 of the Bankruptcy Rules are applicable to those professionals eligible for employment under Section 327(a).  Specifically, Section 327(a) requires that any professional person employed by the trustee be free of interests which are adverse to the estate, and be "disinterested."

"Disinterested persons" are defined in Section 101(14) as follows:

> The term "disinterested person" means a person that –
>
> (A) is not a creditor, an equity security holder, or an insider;
>
> (B) is not and was not, within 2 years before the date of the filing of the petition, a director, officer or employee of the debtor; and

SHULMAN HODGES &
BASTIAN LLP
8105 Irvine Center Drive
Suite 600
Irvine, CA 92618

4265-000\23
Z:\S-T\Trade Union International\Pld\Employ Mtn-Louie.doc

(C) does not have an interest materially adverse to the interest of the estate or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the debtor or for any other reason.

11 U.S.C. 101(14).

All facts pertinent to a court's determination of whether the professional is disinterested or holds an interest adverse to the estate must be disclosed.  The professional is required to make a full, candid and complete disclosure in its application for employment.  See, In re Lotus Properties LP, 200 B.R. 338, 391 (Bankr. C.D. Cal. 1996) [citing In re Park Helena Corp., 63 F.3d 877, 880-82 (9th Cir. 1995)]; In re Gire, 107 B.R. 739, 746 (Bankr. E.D. Cal. 1989); Fed.R.Bankr.P. 2014.

In this case, the Firm has complied fully with the disclosure requirements set forth in the Bankruptcy Code and the Bankruptcy Rules.  By the attached Louie Declaration, the Firm provides full and complete disclosure in order to demonstrate that it satisfies all requirements imposed by the Bankruptcy Code and the Bankruptcy Rules for employment in this case.

Based on these disclosures, neither the Firm nor any attorneys who are members of, or associated with the Firm currently hold any interest materially adverse to the interests of the Estate.  The Firm satisfies both the disclosure and the "disinterestedness" requirements for employment in this case.  Therefore, this Court may authorize the proposed employment of the Firm for the Debtor pursuant to Bankruptcy Code section 327(a).

**B.**     **Cause Exists to Pay the Firm in the Ordinary Course of the Debtor's Business Affairs**

Bankruptcy Code section 1108 provides that unless the court, on request of a party in interest and after notice and a hearing orders otherwise, the trustee may operate the debtor's business.  Bankruptcy Code section 1107 provides that a debtor in possession shall have all the rights powers and duties of a trustee serving in a case under Chapter 11.

Because the employment of the Firm is within the ordinary course of business it is not necessary to evaluate employment of the Firm and payment of the Firm's reasonable compensation further.  Notwithstanding the Debtor's certainty that the proposed employment and

SHULMAN HODGES &
BASTIAN LLP
8105 Irvine Center Drive
Suite 600
Irvine, CA 92618

9

4265-000\23
Z:\S-T\Trade Union International\Pld\Employ Mtn-Louie.doc

1  payment of compensation is in the ordinary course of its business operations, out of an

2  abundance of caution, the Debtors are seeking a Court order authorizing the employment of the

3  Firm and authorizing payment of the Firm's compensation without further notice, hearing or

4  Court order as long as the Firm's total fees and costs do not exceed $10,000.  The Debtors will

5  not pay the Firm's compensation in excess of $10,000 absent a Court order and the Firm will be

6  required to file applications for allowance of fees and reimbursement of costs in compliance with

7  Sections 330 and 331 of the Bankruptcy Code for amounts exceeding $10,000.

8        The Debtor submits that employment of the Firm will maximize the value of assets for

9  the Estate by ensuring the compliance with intellectual property law impacting Trade Union's

10  trademarks and therefore is consistent with the proper exercise of the Debtors' business

11  judgment.  The employment of the Firm and payment of its compensation pursuant to the terms

12  set forth above is justified in this case because the services to be performed by the Firm will aid

13  in reorganization of the Debtor's Estate.

14        The Legislative History to Bankruptcy Code Section 1108 states that "in a reorganization

15  case, operation of the business will be the rule, and it will not be necessary to go to the court to

16  obtain an order authorizing operation".  House Report No. 95-595, 95th Cong., 1st Sess. 404

17  (1977); Senate Report No. 95-989, 95th Cong. 2d Sess. 116(1978).

18        Bankruptcy Code Section 363(c)(1) provides that:

19              [i]f the business of the debtor is authorized to be operated under
               section 721, 1108, 1203, 1204 or 1304 of this title and unless the
20              court orders otherwise, the trustee may enter into transactions . . . ,
               in the ordinary course of business, without notice or a hearing, and
21              may use property of the estate in the ordinary course of business
               without notice or a hearing.
22

23

24        Courts have adopted a test for determining whether a transaction is in the ordinary course

25  of business, "a horizontal dimension test and a vertical dimension test", In re Roth American,

26  Inc., 975 F.2d 949 (3rd Cir. 1992); and In re James A. Phillips, Inc., 29 B.R. 391 (Bankr.

27  S.D.N.Y. 1983).

**C.**   **The Horizontal Dimension Test**

28        The inquiry deemed horizontal is whether, from an industry-wide perspective, the

SHULMAN HODGES &
BASTIAN LLP
8105 Irvine Center Drive
Suite 600
Irvine, CA 92618

10

4265-000\23
Z:\S-T\Trade Union International\Pld\Employ Mtn-Louie.doc

1  transaction is of the sort commonly undertaken by companies in that industry.  In re Roth, 975

2  F.2d at 953.  The horizontal test is easily satisfied.  The matter at issue (the employment of the

3  Firm and payment of its compensation as an ongoing expenditure of funds of the Estate) is

4  consistent in nature and extent to what other similar corporations undertake in the operation of

5  their business and preserving trademark rights.

6          The Debtors' business operations, as is the standard for this type of industry, requires

7  expenditures for the employment of a legal counsel familiar with intellectual property law

8  impacting trademarks.  The Firm's compensation is consistent with the expenses of other

9  corporate entities possession intellectual property assets and meets the elements of the horizontal

10  dimension test.  Payment of the Firm's compensation is also part of the Debtors' customary

11  practices and is in the Estate's interest.

12  **D.      The Vertical Dimension Test**

13          The inquiry deemed vertical (more appropriately characterized as the creditor's

14  expectation test) analyzes the transactions "'from the vantage point of a hypothetical creditor and

15  whether the transaction subjects a creditor to economic risk of a nature different from those he

16  accepted when he decided to extend credit.'"  Id. at 953.  So long as the transactions conducted

17  are consistent with these expectations, creditors have no right to notice and hearing, because their

18  objections to such transactions are likely to relate to the bankrupt's chapter 11 status, not the

19  particular transactions themselves.  Where the debtor in possession is merely exercising the

20  privileges of its chapter 11 status, which include the right to operate the bankrupt business, there

21  is no general right to notice and hearing concerning particular transactions.  In re James A.

22  Phillips, Inc., 29 B.R. at 394.

23          Here, satisfaction of the vertical test is met also.  Employment of the Firm and payment

24  of its compensation as long as the Firm's total fees and costs do not exceed $10,000 is within the

25  Debtors' business judgment and consistent with the ensuring that the Debtors are in compliance

26  with intellectual property law impacting Trade Union's trademarks.

27          In addition, the Court has the authority to approve the relief proposed herein under

28  Bankruptcy Code Section 105(a) which provides: " The court may issue any order, process, or

SHULMAN HODGES &
BASTIAN LLP
8105 Irvine Center Drive
Suite 600
Irvine, CA 92618

4265-000\23
Z:\S-T\Trade Union International\Pld\Employ Mtn-Louie.doc

1    judgment that is necessary or appropriate to carry out the provisions of this title." Section 105

2    sets out the power of the bankruptcy court to fashion orders as necessary pursuant to the

3    purposes of the Bankruptcy Code.  In re Khalil and Shahin Chinichian, 784 F.2d 1440 (9th Cir.

4    1986).  See, Frasch v. Wilson, 413 F.2d 69, 72 (9th Cir. 1969).  See also, In re Lionel Corp, 722

5    F.2d 1063, 1069 (2d Cir. 1983) (bankruptcy judge must have substantial freedom to tailor his

6    orders to meet differing circumstances).

7        In summary, the Debtors believe it would be in the best interest of the Estate and

8    creditors for the Court to approve the Motion and authorize the Debtors to employ the Firm and

9    pay compensation to the Firm without further notice, hearing or Court order as long as the Firm's

10    total fees and costs do not exceed $10,000.  The Debtors will not pay the Firm's compensation in

11    excess of $10,000 absent a Court order and the Firm will be required to file applications for

12    allowance of fees and reimbursement of costs in compliance with Sections 330 and 331 of the

13    Bankruptcy Code for amounts exceeding $10,000.

14                              IV.    **CONCLUSION**

15        Based upon the foregoing, the Debtors respectfully submits that good cause exists for this

16    Court to authorize the employment of the Firm as its special intellectual property counsel in this

17    Chapter 11 case on the terms and conditions set forth herein.

18

19    Dated: June 14, 2011                    Respectfully submitted,

      **SHULMAN HODGES & BASTIAN LLP**

20

21                                           /s/ James C. Bastian, Jr.

22                                           _____
                                             James C. Bastian, Jr.
23                                           Mark Bradshaw
                                             Attorneys for Trade Union International, Inc. and Duck
                                             House, Inc., Debtors and Debtors in Possession
24

25

26

27

28

4265-000\23
Z:\S-T\Trade Union International\Pld\Employ Mtn-Louie.doc

# DECLARATION

1

## DECLARATION OF KAM LOUIE

2    I, Kam Louie, declare and state as follows:

3    1.    The matters stated herein are true and correct and within my personal knowledge.

4    If called as a witness, I could and would competently testify thereto.

5    2.    I make this Declaration in support of the Motion filed by Trade Union

6    International, Inc., a California corporation ("Trade Union") and Duck House, Inc., a California

7    corporation ("Duck House") (collectively the "Debtors", for authorization to employ my law

8    firm ("Firm") as the Debtors' special intellectual property counsel and for approval of the

9    procedures for payment of my Firm's compensation ("Motion").   Unless otherwise noted,

10    capitalized terms herein have the meaning as set forth in the Motion.

11    3.    I am advised that the Debtors each filed a petition under Chapter 11 of the

12    Bankruptcy Code on January 31, 2011 ("Petition Date"), and have continued in the possession of

13    their property and the management of their affairs.

14    4.    Prior to the Petition Date, the Debtors employed my Firm as their intellectual

15    property counsel to assist them with trademark activities including securing, maintaining, and

16    enforcing the Trade Union's trademark rights for its product lines.

17    5.    No fees were paid to the Firm by the Debtors during the one year period prior to

18    the Petition Date.  As of the Petition Date, my Firm was not a creditor of the Estate and was not

19    owed any funds by the Debtors.

20    6.    My Firm has not received a retainer for the services to be performed that are

21    described in the Motion.

22    7.    I am advised that none of the services to be performed by my Firm will duplicate

23    the services performed by other professionals in the Debtors' bankruptcy case.

24    8.    I well-qualified to render the intellectual property law services required by the

25    Debtors.  I am registered as a patent attorney before the United States Patent and Trademark

26    Office and I am a member of the California State Bar.  I have been a patent prosecutor for over

27    seventeen years. I received my B.S. and his J.D. degrees from the University of California and I

28    handle both patent and trademark prosecution matters. I am a native of Hong Kong and speak

SHULMAN HODGES &
BASTIAN LLP
8105 Irvine Center Drive
Suite 600
Irvine, CA 92618

4265-000\23
Z:\S-T\Trade Union International\Pld\Employ Mtn-Louie.doc

Mandarin and Cantonese.  My resume is attached hereto as **Exhibit 1**.   My billing rate is $350 per hour.  I will render services to the Debtors at my regular rate.

9.    My Firm has prior relationships with Debtors but my Firm does not have an interest adverse to the Debtors or  the Estates.  I have been performing legal services for the Debtors for over fifteen years.  As of the Petition Date, my Firm was not a creditor and was owed any money by the Debtors.

10.    To the best of my knowledge, neither my Firm, nor any of the professionals comprising or employed by it, have any connection with the Debtors, their creditors or any other party in interest, their respective attorneys, the United States trustee, or any person employed in by the Office of the United States Trustee.

11.    To the best of the Firm's knowledge, none of the attorneys or professionals comprising or employed by the Firm are related to any judge of the United States Bankruptcy Court for the Central District of California, or to the United States Trustee or any employee of the United States Trustee.

12.    To the best of my knowledge, my Firm is both disinterested as that term is defined in Bankruptcy Code Section 101(14) and represents no interest adverse to the Debtors or their Estates.

13.    I request authorization to be paid my compensation during the Debtors' Chapter 11 in the ordinary course of the Debtors' business affairs, without further notice, hearing or Court order as long as my total fees and costs do not exceed $10,000.  The services provided by my Firm are necessary, are an ordinary function of the Debtors' business operations and will benefit the Estate.   I understand that the Debtors will not pay my compensation in excess of $10,000 absent a Court order and I will be required to file applications for allowance of fees and reimbursement of costs in compliance with Sections 330 and 331 of the Bankruptcy Code for amounts exceeding $10,000.

14.    I am aware of the provisions of Bankruptcy Code Section 328(a) and have agreed, notwithstanding the terms and conditions of employment herein set forth, that the Court may allow compensation different from the compensation provided herein if such terms and

SHULMAN HODGES &
BASTIAN LLP
8105 Irvine Center Drive
Suite 600
Irvine, CA 92618

4265-000\23
Z:\S-T\Trade Union International\Pld\Employ Mtn-Louie.doc

1  conditions prove to have been improvident in light of developments unanticipated at the time of

2  the fixing of such terms and conditions.

3       15.    The Firm has not shared or agreed to share any compensation to be received by it

4  in this case with any other person, except as among partners of the Firm.

5      I declare under penalty of perjury under the laws of the United States of America that the

6  foregoing is true and correct.

7      Executed on June 14, 2011, at Pasadena, California.

8

9

10  Kam Louie

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

SHULMAN HODGES &
BASTIAN LLP
8105 Irvine Center Drive
Suite 600
Irvine, CA 92618

15

4265-000\23
Z:\S-T\Trade Union International\Pld\Employ Mtn-Louie.doc

# EXHIBIT 1

**Kam C. Louie**
**301 N. Lake Ave., Suite 810**
**Pasadena, CA 91101**
**Telephone: (626) 568-3688**
**Email:    KLouie8@cs.com**

---

EXPERIENCE

| | |
|---|---:|
| **Attorney in private practice** | 1991-present |

*Law Offices of Kam Louie, Pasadena, California*
- Represent clients on business immigration law matters.
- Prosecute trademarks and copyrights.
- Advise clients on general legal matters, including corporate and business matters.

| | |
|---|---:|
| **Of Counsel** | 1991-present |

*Ladas & Parry, Los Angeles, California*
- Prepare and prosecute patent, trademark and copyright applications.
- Advise and represent clients on intellectual property matters.

| | |
|---|---:|
| **Patent Attorney** | 1989-1991 |

*Ladas & Parry, Los Angeles, California*
- Prepare and prosecute patent, trademark and copyright applications.
- Prepare appeals to the Commissioner of Patents, the Registrar of Copyrights, and the Trademark Trial and Appeals Board.
- Represented clients on both United States and foreign intellectual property matters.

| | |
|---|---:|
| **Associate Attorney** | 1980-1989 |

*Law Offices of John L. Sun (and later partner as Sun, Louie & Hehmann)*
- Represented clients on a broad range of immigration matters, including business nonimmigrant visas, deportation and removal hearings, political asylum applications, foreign labor certifications and consular processing.
- Advised clients on general business, corporate, family law, landlord tenant and personal injury matters.

---

EDUCATION

| | |
|---|---:|
| **Juris Doctor** | 1976-1979 |

*University of California at Davis, Davis, California*

| | |
|---|---:|
| **Bachelor of Arts in Geography** | 1968-1973 |

*University of California at Los Angeles, Los Angeles, California*

---

LICENSES

| | |
|---|---:|
| **Patent Bar** | 1988 |
| **State Bar of California** | 1979 |

# EXHIBIT 1

**NOTE:** When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate a NEF because only orders that have been entered are placed on the CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is: **8105 Irvine Center Drive, Suite 600, Irvine, California 92618.**

A true and correct copy of the foregoing document described as **DEBTORS AND DEBTORS IN POSSESSIONS' MOTION FOR ORDER AUTHORIZING EMPLOYMENT OF KAM LOUIE, ATTORNEY AT LAW AS THE DEBTORS' SPECIAL INTELLECTUAL PROPERTY COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF KAM LOUIE IN SUPPORT** will be served or was served (a) on the judge in chambers in the form and manner required by LBR 5005-2(d); and (b) in the manner indicated below:

**I.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On **June 16, 2011,** I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

- **James C Bastian    jbastian@shbllp.com**
- **Michael G Fletcher    mfletcher@frandzel.com, efiling@frandzel.com;shom@frandzel.com**
- **Barry V Freeman    bvf@jmbm.com, bvf@jmbm.com**
- **Allan P Leguay    leguay@pacbell.net**
- **Elizabeth A Lossing    elizabeth.lossing@usdoj.gov**
- **Nicholas A Merkin    nmerkin@frandzel.com, efiling@frandzel.com;bwilson@frandzel.com**
- **Ramesh Singh    claims@recoverycorp.com**
- **James M Sullivan    jsullivan@mosessinger.com, ccaruso@mosessinger.com;dkick@mosessinger.com**
- **United States Trustee (RS)    ustpregion16.rs.ecf@usdoj.gov**
- **Andrew F Whatnall    awhatnall@daca4.com**

❑  Service information continued on attached page

**II. SERVED BY U.S. MAIL OR OVERNIGHT MAIL**(indicate method for each person or entity served) - On **June 16, 2011,** I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be</u> completed no later than 24 hours after the document is filed.

■  Service information continued on attached page

**III.  SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to Fed. R. Civ. P. 5 and/or controlling LBR, on **_NOT APPLICABLE** I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on the judge <u>will be</u> completed no later than 24 hours after the document is filed.

❑  Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| June 16, 2011 | Lorre Clapp | /s/ Lorre Clapp |
|---|---|---|
| *Date* | *Type Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*August 2010*                                                                                                                    **F 9013-3.1.PROOF.SERVICE**

## U.S. MAIL SERVICE LIST - TRADE UNION INTERNATIONAL, INC.

**ATTORNEYS FOR CATHAY BANK**
MICHAEL G FLETCHER ESQ
NICHOLAS A. MERKIN ESQ
FRANDZEL ROBINS BLOOM & CSATO LC
6500 WILSHIRE BLVD
SEVENTEENTH FLOOR
LOS ANGELES, CA 90048-4920

**ATTORNEYS FOR CATHAY BANK**
GARY OWEN CARIS ESQ
MCKENNA LONG & ALDRIGE LLP
300 SOUTH GRAND AVE 14TH FLOOR
LOS ANGELES, CA 90071-3124

**ATTORNEYS FOR CHINATRUST BANK**
BARRY FREEMAN ESQ
JEFFER MANGELS BUTLER & MITCHEL LLP
1900 AVE OF THE STARS 7TH FLOOR
LOS ANGELES, CA 90067

**SCHEDULE D, NOTICE PURPOSES**
WELLS FARGO FINANCIAL LEASING
MANUFACTURER SERVICES GROUP
ATTN PRESIDENT OR MANAGING AGENT
P.O. BOX 7777
SAN FRANCISCO, CA 94120-7777

**SCHEDULE D, NOTICE PURPOSES**
WELLS FARGO BANK NA
ATTN PRESIDENT OR MANAGING AGENT
300 TRI STATE INTL SUITE 400
LINCOLNSHIRE, IL 60069-4417

**SCHEDULE D, NOTICE PURPOSES**
MICHELIN NORTH AMERICA INC
ATTN PRESIDENT OR MANAGING AGENT
1 PARKWAY S
GREENVILLE, SC 29615-5022

**SCHEDULE D, NOTICE PURPOSES**
USBANCORP
ATTN PRESIDENT OR MANAGING AGENT
1310 MADRID ST SUITE 104
MARSHALL, MN 56258-4006

**SCHEDULE D, NOTICE PURPOSES**
KEY EQUIPMENT FINANCE
ATTN PRESIDENT OR MANAGING AGENT
PAYMENT PROCESSING
CLEVELAND, OH 44194-0796

**SCHEDULE D, NOTICE PURPOSES**
KEY EQUIPMENT FINANCE
ATTN PRESIDENT OR MANAGING AGENT
601 OAKMONT LN SUITE 110
WESTMONT, IL 60559-5557

**SCHEDULE D**
CATHAY BANK
ATTN DAVID L PRICE, VICE PRESIDENT
LOAN SYNDICATIONS
777 N BROADWAY
LOS ANGELES, CA 90012

**SCHEDULE D, ADDITIONAL NOTICE**
CATHAY BANK
ATTN GREGORY BADURA
ATTN SANDRA SHA KENYON, FIRST VICE
PRESIDENT
9650 FLAIR  DR, 3RD FLOOR
EL MONTE, CA 91731

**SCHEDULE D, NOTICE PURPOSES**
CHINATRUST BANK
ATTN MELVIN O.REDFORD, EXECUTIVE
VICE PRESIDENT
22939 HAWTHORNE BLVD
TORRANCE, CA 90505

**SCHEDULE F/20 LARGEST**
BROTHER MEZA'S PALLETS
ATTN PRESIDENT OR MANAGING AGENT
P.O. BOX 310506
FONTANA, CA 92331

**SCHEDULE F/20 LARGEST**
BULLET TRANSPORTATION SERVICES
ATTN PRESIDENT OR MANAGING AGENT
P.O. BOX 809066
CHICAGO, IL 60680-9066

**SCHEDULE F/20 LARGEST**
CLARK DISTRIBUTION SYSTEMS, INC
ATTN PRESIDENT OR MANAGING AGENT
P.O. BOX 85095
CHICAGO, IL 60680-0851

**SCHEDULE F/20 LARGEST**
CONTINENTAL AGENCY
ATTN PRESIDENT OR MANAGING AGENT
1400 MONTEFINO AVE. SUITE 200
DIAMOND BAR, CA 91765

**SCHEDULE F/20 LARGEST**
DUB PUBLISHING INC.
ATTN PRESIDENT OR MANAGING AGENT
16815 JOHNSON DRIVE
CITY OF INDUSTRY, CA 91745-1819

**SCHEDULE F/20 LARGEST**
JOE INTERRANTE
185 PROVIDENCE PLANTATION DR.
ALPHARETTA, GA 30004

**SCHEDULE F/20 LARGEST**
JOSEPH C. HIGDON
18814 GREENWAY
OLATHE, KS 66062

**SCHEDULE F/20 LARGEST**
KAISER FOUNDATION HEALTH PLAN
ATTN PRESIDENT OR MANAGING AGENT
FILE 5915
LOS ANGELES, CA 90074-5915

**SCHEDULE F/20 LARGEST**
KDA PRODUCTS INC
ATTN PRESIDENT OR MANAGING AGENT
15325 BLACKBURN AVENUE
NORWALK, CA 90650

**SCHEDULE F/20 LARGEST**
KODAI (U.S.A.) INC.
ATTN PRESIDENT OR MANAGING AGENT
2440 S. HACIENDA BLVD
HACIENDA HEIGHT, CA 91745

**SCHEDULE F/20 LARGEST**
LSY TRUCKING
ATTN PRESIDENT OR MANAGING AGENT
9420 MAPLE ST.
BELLFLOWER, CA 90706

**SCHEDULE F/20 LARGEST**
MARK BERGER SALES INC.
ATTN PRESIDENT OR MANAGING AGENT
1631 ROCK RIVER
PLACENTIA, CA 92870

**SCHEDULE F/20 LARGEST**
MONTEREY LIGHTING SOLUTIONS, INC.
ATTN PRESIDENT OR MANAGING AGENT
2148 POMONA BLVD.
POMONA, CA 91768

**SCHEDULE F/20 LARGEST**
MOUNTAIN VIEW PACKAGING, INC.
ATTN PRESIDENT OR MANAGING AGENT
4773 BROOKS STREET UNIT G
MONTCLAIR, CA 91763

**SCHEDULE F/20 LARGEST**
PACIFICARE OF CALIFORNIA
ATTN PRESIDENT OR MANAGING AGENT
DEPT NO. 1346
LOS ANGELES, CA 90088-1346

**SCHEDULE F/20 LARGEST**
QUARTZ LOGISTICS INC.
ATTN PRESIDENT OR MANAGING AGENT
731 S. GARFIELD AVE.
ALHAMBRA, CA 91801

**SCHEDULE F/20 LARGEST**
SHANGHAI BON VOYAGE
INTERNATIONAL TRADING CO., LTD.
ATTN PRESIDENT OR MANAGING AGENT
2F, NO.110, YAN'AN RD.(E)
SHANGHAI, 200002 CHINA

**SCHEDULE F/20 LARGEST**
SUMMIT LOGISTICS INT'L
ATTN PRESIDENT OR MANAGING AGENT
780 NOGALES STREET, BUILDING D
CITY OF INDUSTRY, CA 91748

**PROOF OF CLAIM ADDRESS**
SUMMIT LOGISTICS INT'L
ATTN PRESIDENT OR MANAGING AGENT
800 FEDERAL BLVD
CARTERET, NJ 07008

**SCHEDULE F/20 LARGEST**
TRAVELERS
ATTN PRESIDENT OR MANAGING AGENT
CL REMITTANCE CTR
HARTFORD, CT 06183-1008

**SCHEDULE F/20 LARGEST**
UPS FREIGHT
ATTN PRESIDENT OR MANAGING AGENT
28013 NETWORK PLACE
CHICAGO, IL 60673-1280

**PROOF OF CLAIM ADDRESS**
UNITED PARCEL SERVICE (FREIGHT)
C/O RECEIVABLE MANAGEMENT SERVICES
PO BOX 4396
TIMONIUM, MD 21094

**PROOF OF CLAIM ADDRESS**
UNITED PARCEL SERVICE
C/O RECEIVABLE MANAGEMENT
SERVICES
PO BOX 4396
TIMONIUM, MD 21094

RETURNED MAIL

**RETURNED 3/2/11, UNDELIVERABLE**
**SCHEDULE D, NOTICE PURPOSES**
CITICORP LEASING INC
ATTN PRESIDENT OR MANAGING AGENT
450 MAMARONECK AVE
HARRISON, NY 10528-2400

**RETURNED 5/16/2011, 5/31/2011, SEE NEW**
**ADDRESS**
**SCHEDULE D, NOTICE PURPOSES**
KEY EQUIPMENT FINANCE
ATTN PRESIDENT OR MANAGING AGENT
3075 HIGHLAND PKWY FL UCC DEPT
DOWNERS GROVE, IL 60515-1288

**EMAIL RECEIVED 5/22/2011 REQUESTING**
**TO BE REMOVED FROM THE SERVICE**
**LIST**
**ATTORNEYS FOR CATHAY BANK**
PAULINE M STEVENS ESQ
MARC B LEH ESQ
MORRISON & FOERSTER LLP
555 W FIFTH ST
LOS ANGELES, CA 90013-1024

## U.S. MAIL SERVICE LIST – DUCK HOUSE, INC.

**RFSN - ATTORNEYS FOR CATHAY BANK**
MICHAEL G. FLETCHER, ESQ.
NICHOLAS A. MERKIN, ESQ.
FRANDZEL ROBINS BLOOM & CSATO LC
6500 WILSHIRE BLVD
SEVENTEENTH FLOOR
LOS ANGELES, CA 90048-4920

**ATTORNEYS FOR CATHAY BANK**
GARY OWEN CARIS ESQ
MCKENNA LONG & ALDRIGE LLP
300 SOUTH GRAND AVE 14TH FLOOR
LOS ANGELES, CA 90071-3124

**ATTORNEYS FOR CATHAY BANK**
PAULINE M. STEVENS, ESQ.
MARC B. LEH, ESQ.
MORRISON & FOERSTER LLP
555 W FIFTH ST
LOS ANGELES, CA 90013-1024

**ATTORNEYS FOR CHINATRUST BANK**
BARRY FREEMAN, ESQ.
JEFFER MANGELS BUTLER & MITCHEL LLP
1900 AVE OF THE STARS 7TH FLOOR
LOS ANGELES, CA 90067

**RFSN**
JAMES D. ARONOWITZ, ASSOCIATE
GENERAL COUNSEL
IMG COLLEGE/THE COLLEGIATE
LICENSING COMPANY
290 INTERSTATE NORTH CIRCLE, SUITE
200
ATLANTA, GA 30339

**RFSN**
NFL PROPERTIES LLC
ATTN MATTHEW MORGADO
280 PARK AVENUE
NEW YORK, NY 10017

**SCHEDULE D**
CATHAY BANK
ATTN DAVID L PRICE, VICE PRESIDENT
LOAN SYNDICATIONS
777 N BROADWAY
LOS ANGELES, CA 90012

**RFSN - SCHEDULE D, ADDITIONAL
NOTICE**
CATHAY BANK
ATTN GREGORY BADURA
ATTN SANDRA SHA KENYON, FIRST VICE
PRESIDENT
9650 FLAIR  DR
EL MONTE, CA 91731

**SCHEDULE D, NOTICE PURPOSES**
CHINATRUST BANK
ATTN MELVIN O. REDFORD, EXECUTIVE
VICE PRESIDENT
22939 HAWTHORNE BLVD
TORRANCE, CA 90505

**PROOF OF CLAIM**
FRIESING INVESTMENTS, INC., DBA
GULF COAST SALES AND MARKETING
ATTN PRESIDENT OR MANAGING AGENT
PO BOX 2767
ADDISON, TX 75001

**RFSN - ATTORNEYS FOR WILLIAM S.
KAY, THE LIQUIDATING TRUSTEE FOR
BFW LIQUIDATION LLC (FKA BRUNO'S
SUPERMARKETS LLC)**
JOHN D. ELROD, ESQ.
GREENBERG TRAURIG LLP
ATTORNEYS FOR WILLIAM S. KAY, THE
LIQUIDATING TRUSTEE FOR BFW
LIQUIDATION LLC (FKA BRUNO'S
SUPERMARKETS LLC)
3290 NORTHSIDE PARKWAY SUITE 400
ATLANTA, GA 30327

**SCHEDULE F/20 LARGEST**
A TO Z MARKETING VENTURES, LLC.
ATTN ANTHONY ZIENO
17 SIVER STREET
SIDNEY, NY 13838

**SCHEDULE F/20 LARGEST**
BOB KUNICK ASSOC. INC.
ATTN BOB KUNICK
12223 LEE HIGHWAY
FAIRFAX, VA 22030-6341

**SCHEDULE F/20 LARGEST**
BULLET TRANSPORTATION SERVICES
ATTN PRESIDENT OR MANAGING AGENT
P.O. BOX 809066
CHICAGO, IL 60680-9066

**ADDITIONAL NOTICE - PROOF OF CLAIM ADDRESS**
BULLET TRANSPORTATION SERVICES
ATTN TERRY HANDELAND, COLLECTIONS MANAGER
4900 S PENNSYLVANIA AVE
CUDAHY, WI 53110

**SCHEDULE F/20 LARGEST**
CONTINENTAL AGENCY
ATTN PRESIDENT OR MANAGING AGENT
1400 MONTEFINO AVE. SUITE 200
DIAMOND BAR, CA 91765

**SCHEDULE F/20 LARGEST**
CREATIVE DOCUMENT SOLUTIONS
ATTN PRESIDENT OR MANAGING AGENT
1629 MARION-WALDO ROAD
MARION, OH 43302

**SCHEDULE F/20 LARGEST**
DOUG STEWART
P.O. BOX 5016
ANDERSON, SC 29623

**SCHEDULE F/20 LARGEST**
FLORIDA SPORTS NETWORK
ATTN PRESIDENT OR MANAGING AGENT
221 BLUE JUNIPER BLVD.
VENICE, FL 34292

**SCHEDULE F/20 LARGEST**
HOLLEY SALES
ATTN SHANE HOLLEY
12205 KIMBERLYN ROAD
OKLAHOMA CITY, OK 73162

**SCHEDULE F/20 LARGEST**
JOSEPH K. CLARK DBA ALL SEASONS MARKETING
237 SOUTH CURTIS RD SUITE 100
WEST ALLIS, WI 53214-1030

**SCHEDULE F/20 LARGEST**
L.B. WOOD MARKETING, INC.
ATTN PRESIDENT OR MANAGING AGENT
7121 FISH POND ROAD
WACO, TX 76710

**SCHEDULE F/20 LARGEST**
LICENSING RESOURCE GROUP LLC
ATTN BETSY FLAMBOE
442 CENTURY LANE, SUITE 100
HOLLAND, MI 49423

**SCHEDULE F/20 LARGEST**
LIUZHOU WANTEX TRADING CO., LTD.
ATTN PRESIDENT OR MANAGING AGENT
NO.3, THE SECOND YANGHE INDUSTRIAL PARK
LIUZHOU, GX
CHINA

**SCHEDULE F/20 LARGEST**
LOGO AMERICA, LLC
ATTN PRESIDENT OR MANAGING AGENT
22123 W. 83RD STREET.
SHAWNEE, KS 66227

**SCHEDULE F/20 LARGEST**
LONG SALES GROUP
ATTN PRESIDENT OR MANAGING AGENT
451 E. 58TH AVENUE #1669
DENVER, CO 80216

**SCHEDULE F/20 LARGEST**
MARK WILLIAMS AND COMPANY
ATTN MARK WILLIAMS
4940 BROOKSVIEW CIRCLE
NEW ALBANY, OH 43054

**SCHEDULE F/20 LARGEST**
MORRISON SALES
MERRIL H. MORRISON
9 MONTROSE LANE
MANCHESTER TOWNSHIP, NJ 8759

**SCHEDULE F/20 LARGEST**
NANCY ANDERSEN
37 PATRIOT WAY
PEMBROKE, MA 2359

**SCHEDULE F/20 LARGEST**
NFL PROPERTIES LLC-LICENSING GPO
ATTN PRESIDENT OR MANAGING AGENT
P.O. BOX 27278
NEW YORK, NY 10087-7278

**SCHEDULE F/20 LARGEST**
OHIO STATE UNIVERSITY
ATTN UNIVERSITY LICENSING PROGRAM
DEPT. 1760
COLUMBUS, OH 43271-1760

**ADDITIONAL NOTICE**
OHIO STATE UNIVERSITY
ATTN UNIVERSITY LICENSING PROGRAM
1100 KINNEAR ROAD SUITE 210
COLUMBUS, OH 43212-1152

**SCHEDULE F/20 LARGEST**
P.T.L. SALES
ATTN PRESIDENT OR MANAGING AGENT
P.O. BOX 6120
STUART, FL 34997

**SCHEDULE F/20 LARGEST**
PARTNER'S DELIVERY, INC.
ATTN PRESIDENT OR MANAGING AGENT
1927 A HARBOR BLVD, #151
COSTA MESA, CA 92627

**SCHEDULE F/20 LARGEST**
QUARTZ LOGISTICS INC.
ATTN PRESIDENT OR MANAGING AGENT
731 S. GARFIELD AVE
ALHAMBRA, CA 91801

**SCHEDULE F/20 LARGEST**
RODOLFO RODRIGUEZ AGUILAR
8430 MISSION BLVD.
RIVERSIDE, CA 92509

**SCHEDULE F/20 LARGEST**
SDJ, LLC
ATTN PRESIDENT OR MANAGING AGENT
14176 HWY 87 N.
EDEN, NC 27288

**SCHEDULE F/20 LARGEST**
SPRINT
ATTN PRESIDENT OR MANAGING AGENT
P O BOX 219100
KANSAS CITY, MO 64121-9100

**CLAIM FILED - RELATED TO SPRINT COMMERCIAL (XXX 8357)**
DILIGENTSIA CAPITAL GROUP LLC
C/O RECOVERY MANAGEMENT SYSTEMS
CORPORATION
RAMESH SINGH
25 SE 2ND AVENUE SUITE 1120
MIAMI, FL 33131-1605

**SCHEDULE F/20 LARGEST**
SUMMIT LOGISTICS INT'L
ATTN PRESIDENT OR MANAGING AGENT
780 NOGALES STREET, BUILDING D
CITY OF INDUSTRY, CA 91748

**SCHEDULE F/20 LARGEST**
TREASURES
ATTN DAVE MACMILLAN
7014 59TH ST, CT. W
UNIVERSITY PLACE, WA 98467

RETURNED MAIL

**SCHEDULE F/20 LARGEST**
UPS FREIGHT
ATTN PRESIDENT OR MANAGING AGENT
28013 NETWORK PLACE
CHICAGO, IL 60673-1280

**PROOF OF CLAIM ADDRESS**
UNITED PARCEL SERVICE (FREIGHT)
C/O RECEIVABLE MANAGEMENT SERVICES
PO BOX 4396
TIMONIUM, MD 21094

**2/4/11; PER MARY JANE EVANS AT MINNEAPOLIS MART - CREDITOR HAS NOT BEEN AT ADDRESS FOR 3+ YEARS SCHEDULE F/20 LARGEST**
OSTROM'S & ASSOCIATES
ATTN PRESIDENT OR MANAGING AGENT
10301 BREN ROAD WEST, SUITE 340
MINNETONKA, MN 55343

**2/23/11; NOT DELIVERABLE AS ADDRESSED; INSUFFICIENT ADDRESS SCHEDULE F/20 LARGEST**
TRANSWORLD SYSTEMS, INC.
ATTN PRESIDENT OR MANAGING AGENT
ATTN: TSI COMMERCIAL DIVISION
CHICAGO, IL 60673-1248