James C. Bastian, Jr. - Bar No. 175415
**SHULMAN HODGES & BASTIAN LLP**
8105 Irvine Center Drive, Suite 600
Irvine, California 92618
Telephone:    (949) 340-3400
Facsimile:    (949) 340-3000
Email: jbastian@shbllp.com

Insolvency Counsel for the Debtors and
Debtors in Possession, Trade Union International, Inc. and
Duck House, Inc.

# UNITED STATES BANKRUPTCY COURT

# CENTRAL DISTRICT OF CALIFORNIA, RIVERSIDE DIVISION

| | |
|---|---|
| In re<br><br>**TRADE UNION INTERNATIONAL, INC., a California corporation,**<br><br>Debtor.<br><hr><br>In re<br><br>**DUCK HOUSE, INC.,<br>a California corporation,**<br><br>Debtor. | Case No. 6:11-bk-13071-DS<br><br>Chapter 11<br><br>Jointly Administered With<br>Case No. 6:11-bk-13072-DS<br><br>**STIPULATION TO:**<br><br>**(1)  EXTEND THE DEADLINE FOR BANK GROUP TO OBJECT TO APPROVAL OF DEBTORS' DISCLOSURE STATEMENT DESCRIBING DEBTORS' CHAPTER 11 REORGANIZATION PLAN AND SETTING RELATED PROCEDURES; AND**<br><br>**(2) EXTENDING THE PERIOD FOR THE DEBTORS' AUTHORIZATION TO USE CASH COLLATERAL**<br><br>**[Order Approving the Stipulation Filed Concurrently Herewith]**<br><br>Date:  July 12, 2011<br>Time:  11:00 A.M.<br>Place: Courtroom 304<br>          United States Bankruptcy Court<br>          3420 Twelfth Street<br>          Riverside, CA 92501 |

**SHULMAN HODGES & BASTIAN LLP**
8105 Irvine Center Drive
Suite 600
Irvine, CA 92618

4265-000\91
Z:\S-T\Trade Union International\Plan and DS\Objections Deadline Stip (Bank Revised).doc

1

**Page 1**

Trade Union International, Inc., a California corporation and Duck House, Inc., a California corporation, the debtors and debtors in possession in the above-captioned jointly administered Chapter 11 bankruptcy cases ("Debtors"), and Cathay Bank and China Trust Bank (the "Bank Group") and each of them, enter into this stipulation ("Agreement") to (1) extend the deadline for Cathay Bank to file objections to the Debtors' Disclosure Statement Describing the Debtors' Chapter 11 Reorganization Plan ("Disclosure Statement") and setting related procedures and (2) extending the period for the Debtors' authorization to use cash collateral based on the following:

## **RECITALS**

1. Trade Union filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code on January 31, 2011 ("Petition Date"). Trade Union is affiliated with Duck House which also filed a Chapter 11 bankruptcy on January 31, 2011, Case No. 6:11-bk-13072-DS.

2. Pursuant to Court Order entered February 10, 2011, the Chapter 11 case of Trade Union is being jointly administered with the Chapter 11 case of Duck House.

3. Trade Union and Duck House are each continuing in possession of their property, and operating and managing their respective business, as debtors in possession pursuant to Bankruptcy Code Sections 1107 and 1108.

4. Cathay Bank is the agent for the Bank Group consisting of Cathay Bank and China Trust Bank. As of the Petition Date, the Bank Group was the Debtors' largest secured creditor and asserts a security interest over substantially all the assets of the Debtors.

5. On April 15, 2011, the Debtors' filed their Disclosure Statement (docket number 94). A hearing on approval of the Disclosure Statement is currently scheduled for July 12, 2011 at 11:00 A.M.

6. The Debtors are communicating with the Bank Group regarding the Debtors' Disclosure Statement, the Debtors' reorganization strategy and possible global resolution of the case.

SHULMAN HODGES &
BASTIAN LLP
8105 Irvine Center Drive
Suite 600
Irvine, CA 92618

4265-000\91
Z:\S-T\Trade Union International\Plan and DS\Objections Deadline Stip (Bank Revised).doc

2

**Page 2**

7. Due to the present posture of the case, to allow time for the parties to discuss the case, the Debtors' reorganization strategy, possible amendments to the Disclosure Statement and possible global resolution of the case without the expense of preparing formal comments or opposition, and in the interests of judicial economy, the parties believe that it would be in the best interests of the Estate and its creditors if the time period for the Bank Group to file an objection to the Disclosure Statement shall be extended based on the procedures set forth below.

8. Following the March 29, 2011 hearing on the Debtors' Motion for Order Authorizing Interim Use of Cash Collateral (docket number 7), on June 15, 2011, with the consent of the Bank Group, the Debtors lodged with the Court a certain Final Order Authorizing Use of Cash Collateral to Operate the Debtors' Businesses ("Final Cash Collateral Order) incorporating all terms and conditions of the First Interim Order[1] and the Second Interim Order[2] (collectively the "Prior Orders") except for any terms and conditions that are modified by the Final Cash Collateral Order, and extending through and including July 1, 2011, the Debtors authorization to use any cash collateral of the Bank Group consistent with the Second Extended Budget (docket number 80).

9. Due to the present posture of the case, to allow time for the parties to discuss the case, the Debtors' reorganization strategy, possible amendments to the Disclosure Statement and possible global resolution of the case without the expense of preparing a further motion to extend the use of cash collateral beyond July 1, 2011, the parties believe that it would be in the best interests of the Estate and its creditors if all terms and conditions of the Prior Orders and the Final Order shall remain in full force and effect for the time periods covered by the Prior Orders and the Final Order and that such time periods shall be extended through and including August 1, 2011.

---

[1] On February 10, 2011, the Court entered that certain Interim Order Authorizing Use of Cash Collateral to Operate Debtors' Businesses and Setting Final Hearing on Cash Collateral Issues entered by the Court on February 10, 2011 (docket number 21) ("First Interim Order").

[2] On March 3, 2011, the Court entered that certain Second Interim Order Authorizing Use of Cash Collateral to Operate Debtors' Businesses and Setting Final Hearing on Cash Collateral Issues ("Second Interim Order").

SHULMAN HODGES &
BASTIAN LLP
8105 Irvine Center Drive
Suite 600
Irvine, CA 92618

3

4265-000\91
Z:\S-T\Trade Union International\Plan and DS\Objections Deadline Stip (Bank Revised).doc

**Page 3**

## AGREEMENT

**NOW, THEREFORE**, for good and valuable consideration and with reference to the above stated Recitals, the parties, subject to approval by the Bankruptcy Court, hereby stipulate and agree as follows:

1. The deadline for the Bank Group to file any objections to the Disclosure Statement and any replies thereto, shall be extended based on the following:

    a. The hearing on the Debtors' Disclosure Statement set for July 12, 2011 at 11:00 A.M., shall remain on the Court's calendar so that the Debtors, the Bank Group and the Court can hear and consider any comments or objections to the Disclosure Statement that may be raised by other creditors or other parties in interest in these cases.

    b. If by the time of the Disclosure Statement hearing on July 12, 2011, the Debtors and the Bank Group have not reached an agreement for the global resolution of issues in the cases, the Debtors will request the Court continue the hearing on the Disclosure Statement for approximately thirty days beyond July 12, 2011. In such event, all rights of the Bank Group and all rights of the Debtors regarding objections to the Disclosure Statement and replies thereto will not be impacted and will remain as originally asserted by and between the parties and (i) any the time for filing objections to the Disclosure Statement by the Bank Group shall be extended to seven days prior to the new hearing date, and (ii) the deadline by which the Debtors may file their reply to the Bank Group's objections shall be extended to three days prior to new hearing date.

    c. If the Debtors and the Bank Group reach a settlement for the global resolution of issues in the cases, the Debtors will prepare modifications to the Disclosure Statement and Plan to reflect the settlement with the Bank Group and at the July 12, 2011 hearing, request the Court enter an order that (i) approves the Disclosure Statement as modified, (ii) sets a hearing on confirmation of the Plan as modified, and (iii) sets a hearing concurrent with the Plan confirmation hearing for the Court's consideration of the Debtors' motion to approve the settlement with the Bank Group, which settlement can be separately implemented in the event of any time delays in considering confirmation of any plan.

SHULMAN HODGES &
BASTIAN LLP
8105 Irvine Center Drive
Suite 600
Irvine, CA 92618

4

4265-000\91
Z:\S-T\Trade Union International\Plan and DS\Objections Deadline Stip (Bank Revised).doc

**Page 4**

2.    All terms and conditions for the Debtors' use of cash collateral of the Bank Group under the Prior Orders and the Final Order shall remain in full force and effect for the time periods covered by the Prior Orders and the Final Order and such authorization to use cash collateral and time periods under the Prior Orders and Final Order shall be extended through and including August 1, 2011, subject to an extended budget for that period, a copy of which is attached hereto as **Exhibit 1**.

**IT IS SO AGREED.**

Dated: June 28, 2011        **SHULMAN HODGES & BASTIAN LLP**

/s/ James C. Bastian, Jr.
_____
James C. Bastian, Jr.
Attorneys for
Insolvency Counsel for
Trade Union International, Inc., and
Duck House, Inc.,
the Debtors and Debtors in Possession

Dated: June 28, 2011        **FRANDZEL ROBINS BLOOM & CSATO LC**

/s/ Michael G. Fletcher
_____
Michael G. Fletcher
Attorneys for Cathay Bank

SHULMAN HODGES &
BASTIAN LLP
8105 Irvine Center Drive
Suite 600
Irvine, CA 92618

5

4265-000\91
Z:\S-T\Trade Union International\Plan and DS\Objections Deadline Stip (Bank Revised).doc

**Page 5**

# EXHIBIT 1

# Extended Budget

# Financial Projections
# Additional 4 Weeks in July
# June 10, 2011

Schedules:
1. Liquid Collateral Performance To Date
2. Liquid Collateral Projections
3. Cash Flows
4. Accounts Receivable Collections and Roll Forward
5. Inventory Roll Forward and Sales

**EXHIBIT 1**

# 1. Liquid Collateral Performance To-Date

Consistently higher liquid collateral and rising trend from:
- Positive post-petition EBITDA of $330,629 through April
- Positive net income of $139,654 (over twice the forecast)
- Re-establishment of limited credit (unsecured) for some small inventory purchases



**EXHIBIT 1**

# 2. Liquid Collateral July Projections

The Company expects collateral to continue to be well over the base amount for July

| Week | | 1/31/2011 Actual | 7/8/2011 | 7/15/2011 | 7/22/2011 | 7/29/2011 |
|---|---|---|---|---|---|---|
| Cash Bal | F | $ 584,780 | $ 2,304,136 | $ 2,488,529 | $ 2,569,000 | $ 2,690,890 |
| AR Bal | F | 4,895,001 | 3,516,539 | 3,472,415 | 3,355,086 | 3,151,248 |
| INV Bal | F | 5,231,196 | 5,156,168 | 5,235,508 | 5,213,828 | 5,214,998 |
| Total Actual Collateral | | $ 10,710,977 | $ 10,976,843 | $ 11,196,452 | $ 11,137,914 | $ 11,057,136 |
| Cumulative Actual Collateral delta Δ | | | $ 270,329 | $ 489,938 | $ 431,400 | $ 350,622 |

Next:
3. Cash Flows
4. AR Collections and Roll Forward
5. Inventory Roll Forward and Sales

**EXHIBIT 1**

# 3. Cash Flows

| 4 WEEK CASH FLOW PROJECTION | 7/8/2011 | 7/15/2011 | 7/22/2011 | 7/29/2011 |
|---|---:|---:|---:|---:|
| **BEGINNING BANK BALANCE** | $ 2,542,889 | $ 2,304,136 | $ 2,488,529 | $ 2,569,000 |
| **CASH COLLECTIONS** | | | | |
| Sub-Total Accounts Receivable Collection | 222,069 | 418,124 | 496,129 | 444,138 |
| **TOTAL CASH COLLECTION & CASH BEG BAL** | 2,764,958 | 2,722,260 | 2,984,658 | 3,013,138 |
| | | | | |
| **TRADE DISBURSEMENTS** | | | | |
| VENDOR DISBURSEMENTS | 140,000 | 120,000 | 250,000 | 250,000 |
| | | | | |
| **EXPENSES** | | | | |
| **SELLING EXPENSE** | | | | |
| COMMISSION | 68,867 | - | - | - |
| ROYALTY | 110,060 | - | - | 20,000 |
| ADV & PROM | - | 5,000 | 7,000 | - |
| SUBTOTAL SELLING EXPENSE | 178,927 | 5,000 | 7,000 | 20,000 |
| **INBOUND & OUTBOUND FRT. DUTY** | | | | |
| INBOUND FRT, DUTY, OTHERS | 24,390 | 34,520 | 29,120 | 24,040 |
| OUTBOUND FRT | 24,440 | 17,196 | 15,952 | 10,412 |
| PACKAGING SUPPLY | 1,500 | 3,000 | 1,000 | - |
| SUBTOTAL INBOUND /OUTBOUND EXPENSE | 50,330 | 54,716 | 46,072 | 34,452 |
| **PAYROLL** | | | | |
| SALARY, WAGES, PAYROLL TAX RELATED | 44,744 | - | 44,744 | - |
| EMPLOYEE STAY INCENTIVE ( pay at the last week) | - | - | - | - |
| NON-RECURRING SEVERANCE | - | - | - | - |
| PAYROLL TAX / 401K /GARNISHMENT /PR SERVICE | 9,980 | - | 9,980 | - |
| SUBTOTAL PAYROLL | 54,724 | - | 54,724 | - |
| **INSURANCE** (General Liablty; Credit Ins; skeleton team;) | - | - | - | 5,353 |
| **RENT** | - | 37,000 | - | - |
| **OFFICE** | | | | |
| UTILITIES | 1,039 | - | - | 36 |
| TELEPHONE | 250 | - | - | - |
| PROFESSIONAL - ACCOUNTING | - | - | 1,413 | - |
| OFFICE SUPPLY | - | 2,267 | - | 1,600 |
| OTHERS (wast dipose /postage / dues / subscriptiion) | 578 | 675 | - | - |
| SUBTOTAL OFFICE EXPENSE | 1,867 | 2,942 | 1,413 | 1,636 |
| **EQUIPMENT** | | | | |
| LEASE | - | - | - | - |
| MRO (maintenance; repair) | 2,800 | 267 | 1,650 | - |
| IT RELATED | 6,000 | - | - | - |
| SUBTOTAL EQUIPMENT EXPENSE | 8,800 | 267 | 1,650 | - |
| **DEBT SERVICE** | | | | |
| SUBTOTAL DEBT SERVICE | 10,807 | 10,807 | 10,807 | 10,807 |
| **LEGAL & CONSULTANT FEE** | | | | |
| TATUM | - | - | 15,000 | - |
| SHULMAN HODGES & BASTIAN LLP | - | - | 25,000 | - |
| LEGAL | 11,375 | - | - | - |
| SUBTOTAL RE-ORGANIZATION EXPENSE | 11,375 | - | 40,000 | - |
| **TEMP LABOR SERVICE** | 3,992 | - | 3,992 | - |
| **OTHERS** CREDIT CARD PROCESSING FEE | - | - | - | - |
| **Miscellaneous** | - | 3,000 | - | - |
| **SUB-TOTAL OF EXPENSE** | 320,822 | 113,732 | 165,658 | 72,248 |
| | | | | |
| **SUB-TOTAL OF TOTAL DISBURSEMENT** | 460,822 | 233,732 | 415,658 | 322,248 |
| | | | | |
| **ENDING CASH BANK BALANCE (Before R/E Sales)** | $ 2,304,136 | $ 2,488,529 | $ 2,569,000 | $ 2,690,890 |

# EXHIBIT 1

# 4. Accounts Receivable Collections and Roll Forward

| Collections | | 7/8/2011 | 7/15/2011 | 7/22/2011 | 7/29/2011 | TOTAL |
|---|---|---:|---:|---:|---:|---:|
| TUI | Tui AR | $ 155,972 | $ 307,963 | $ 363,935 | $ 311,944 | $ 1,139,813 |
| DH | Dh AR | 66,097 | 110,162 | 132,194 | 132,194 | 440,647 |
| **Total:** | | $ 222,069 | $ 418,124 | $ 496,129 | $ 444,138 | $ 1,580,460 |

| **TUI** | | | | | |
|---|---:|---:|---:|---:|---:|
| AR Balance Est. | 7/8/2011 | 7/15/2011 | 7/22/2011 | 7/29/2011 | TOTAL |
| Beginning Bal | $ 2,579,113 | $ 2,743,141 | $ 2,670,178 | $ 2,537,043 | $ 2,579,113 |
| Cash Receipts | (155,972) | (307,963) | (363,935) | (311,944) | (1,139,813) |
| Sales Est. | 320,000 | 235,000 | 230,800 | 127,300 | 913,100 |
| Ending Bal | $ 2,743,141 | $ 2,670,178 | $ 2,537,043 | $ 2,352,399 | $ 2,352,399 |

| **DH** | | | | | |
|---|---:|---:|---:|---:|---:|
| AR Balance Est. | 7/8/2011 | 7/15/2011 | 7/22/2011 | 7/29/2011 | TOTAL |
| Beginning Bal | $ 629,496 | $ 773,399 | $ 802,237 | $ 818,043 | $ 629,496 |
| Cash Receipts | (66,097) | (110,162) | (132,194) | (132,194) | (440,647) |
| Sales Est. | 210,000 | 139,000 | 148,000 | 113,000 | 610,000 |
| Ending Bal | $ 773,399 | $ 802,237 | $ 818,043 | $ 798,849 | $ 798,849 |

| **Total AR End Bal.** | $ 3,516,539 | $ 3,472,415 | $ 3,355,086 | $ 3,151,248 | $ 3,151,248 |
|---|---:|---:|---:|---:|---:|

**EXHIBIT 1**

# 5. Inventory Roll Forward and Sales

| Sales | 7/8/2011 | 7/15/2011 | 7/22/2011 | 7/29/2011 | TOTAL |
|---|---:|---:|---:|---:|---:|
| TUI | $ 320,000 | $ 235,000 | $ 230,800 | $ 127,300 | $ 913,100 |
| DH |   210,000 |   139,000 |   148,000 |   113,000 |   610,000 |
| Total: | $ 530,000 | $ 374,000 | $ 378,800 | $ 240,300 | $ 1,523,100 |

| TUI | | | | | |
|---|---:|---:|---:|---:|---:|
| Inventory Bal. | 7/8/2011 | 7/15/2011 | 7/22/2011 | 7/29/2011 | TOTAL |
| Beginning Bal | $ 3,714,696 | $ 3,600,696 | $ 3,666,196 | $ 3,634,636 | $ 3,714,696 |
| Sales (COGS) | (224,000) | (164,500) | (161,560) | (89,110) | (639,170) |
| Purchase in transit | 110,000 | 230,000 | 130,000 | 65,000 | 535,000 |
| **Ending Bal** | **$ 3,600,696** | **$ 3,666,196** | **$ 3,634,636** | **$ 3,610,526** | **$ 3,610,526** |

| DH | | | | | |
|---|---:|---:|---:|---:|---:|
| Inventory Bal. | 7/8/2011 | 7/15/2011 | 7/22/2011 | 7/29/2011 | TOTAL |
| Beginning Bal | $ 1,572,872 | $ 1,555,472 | $ 1,569,312 | $ 1,579,192 | $ 1,572,872 |
| Sales (COGS) | (92,400) | (61,160) | (65,120) | (49,720) | (268,400) |
| Purchase in transit | 75,000 | 75,000 | 75,000 | 75,000 | 300,000 |
| **Ending Bal** | **$ 1,555,472** | **$ 1,569,312** | **$ 1,579,192** | **$ 1,604,472** | **$ 1,604,472** |
| | | | | | |
| **Total Inventory End Bal.** | **$ 5,156,168** | **$ 5,235,508** | **$ 5,213,828** | **$ 5,214,998** | **$ 5,214,998** |

# EXHIBIT 1

**NOTE:** When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate a NEF because only orders that have been entered are placed on the CM/ECF docket.

## PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: **8105 Irvine Center Drive, Suite 600, Irvine, California 92618**

A true and correct copy of the foregoing document described as **STIPULATION TO: (1) EXTEND THE DEADLINE FOR CATHAY BANK TO OBJECT TO APPROVAL OF DEBTORS' DISCLOSURE STATEMENT DESCRIBING DEBTORS' CHAPTER 11 REORGANIZATION PLAN AND SETTING RELATED PROCEDURES; AND (2) EXTENDING THE PERIOD FOR THE DEBTORS' AUTHORIZATION TO USE CASH COLLATERAL** will be served or was served (a) on the judge in chambers in the form and manner required by LBR 5005-2(d); and (b) in the manner indicated below::

**I. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On **June 28, 2011** I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

- **James C Bastian**   jbastian@shbllp.com
- **Michael G Fletcher**   mfletcher@frandzel.com, efiling@frandzel.com;shom@frandzel.com
- **Barry V Freeman**   bvf@jmbm.com, bvf@jmbm.com
- **Allan P Leguay**   leguay@pacbell.net
- **Elizabeth A Lossing**   elizabeth.lossing@usdoj.gov
- **Nicholas A Merkin**   nmerkin@frandzel.com, efiling@frandzel.com;bwilson@frandzel.com
- **Ramesh Singh**   claims@recoverycorp.com
- **James M Sullivan**   jsullivan@mosessinger.com, ccaruso@mosessinger.com;dkick@mosessinger.com
- **United States Trustee (RS)**   ustpregion16.rs.ecf@usdoj.gov
- **Andrew F Whatnall**   awhatnall@daca4.com

❑ Service information continued on attached page

**II. SERVED BY U.S. MAIL OR OVERNIGHT MAIL**(indicate method for each person or entity served) - On **Not Applicable**, I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

❑ Service information continued on attached page

**III. SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to Fed. R. Civ. P. 5 and/or controlling LBR, on **June 28, 2011**, I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.

**Judge's Copy - Via Messenger**
U.S. Bankruptcy Court
Hon. Deborah J. Saltzman
Bin Outside Courtroom 304
3420 Twelfth Street
Riverside, CA 92501

**Interested Party - Via Email**
Office of the United States Trustee (RS)
Elizabeth Lossing, Esq.
elizabeth.lossing@usdoj.gov

**Attorneys for Cathay Bank - Via Email**
Michael G. Fletcher, Esq.
Frandzel Robins Bloom & Csato LC
mfletcher@frandzel.com

**Attorneys for Cathay Bank - Via Email**
Gary Owen Caris Esq
Mckenna Long & Aldrige LLP
gcaris@mckennalong.com

**Attorneys for China Trust Bank – Via Email**
Barry Freeman, Esq.
Jeffer Mangels Butler & Mitchell LLP
bfreeman@jmbm.com

❑ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| **June 28, 2011** | **Lorre Clapp** | **/s/ Lorre Clapp** |
|---|---|---|
| *Date* | *Type Name* | *Signature* |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*August 2010*    **F 9013-3.1.PROOF.SERVICE**
Page 13