| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| **James C. Bastian, Jr. - Bar No. 175415**<br>**Mark Bradshaw – Bar No. 192540**<br>**SHULMAN HODGES & BASTIAN LLP**<br>**8105 Irvine Center Drive Suite 600**<br>**Irvine, California 92618**<br>**Telephone: (949) 340-3400**<br>**Facsimile: (949) 340-3000**<br>**E-mail:  jbastian@shbllp.com; mbradshaw@shbllp.com**<br><br>☑ *Attorney for Debtor(s)*<br>☐ *Debtor(s) appearing without an attorney* | |

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA - ___RIVERSIDE___ DIVISION**

| | |
|---|---|
| In re:<br><br>**TRADE UNION INTERNATIONAL, INC., a California corporation**<br>_____<br><br>In re:<br><br>**DUCK HOUSE, INC., a California corporation,**<br><br><br><br><br><br>Debtor(s). | CASE NO.: **6:11-bk-13071-DS**<br><br>CHAPTER:  **11**<br><br>~~Jointly Administered with~~<br>~~Case No. 6:11-bk-13072-DS~~<br>**NOTICE OF MOTION FOR ORDER WITHOUT HEARING PURSUANT TO LBR 9013-1(o)**<br><br><br><br>[No hearing unless requested in writing] |

## TO THE U.S. TRUSTEE AND ALL PARTIES IN INTEREST.  PLEASE TAKE NOTICE THAT:

1. Movant(s) ___Debtors in Possession___, has filed a motion entitled **Motion for Order Granting the Debtors an Extension of the Exclusive Period to Gain Acceptance of a Plan Pursuant to Bankruptcy Code Section 1121 (d)**

2. Movant(s) is requesting that the court grant the motion without a hearing, as provided for in LBR 9013-1(o).

3. The motion is based upon the legal and factual grounds set forth in the Motion and briefly described in the attached Description of Relief Sought. (*Check appropriate box below*):

   ☑ The full motion is attached hereto; or
   ☐ The full motion has been filed with the court, and a detailed description of the relief sought is attached hereto.

4. **DEADLINE FOR FILING AND SERVING OPPOSITION PAPERS AND REQUEST FOR A HEARING:**  Pursuant to LBR 9013-1(o), any party objecting to the motion may request a hearing on the motion.  The deadline for filing and serving a written opposition and request for a hearing is 14 days after the date of service of this notice, plus an

This form is optional.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

additional 3 days unless the notice of motion was served by personal delivery or posting as described in F.R.Civ.P. 5(b)(2)(A)-(B).  If you fail to comply with this deadline, the court may treat such failure as a waiver of your right to oppose the motion and may grant the motion without further hearing and notice.

Dated:  __7/22/11_____

Respectfully submitted,

**SHULMAN HODGES & BASTIAN LLP**

By:  /s/ **James C. Bastian, Jr.** _____
        *Signature of Movant or Attorney for Movant*

Name:  **James C. Bastian, Jr.** _____
            *Type Name of Movant or Attorney for Movant*

This form is optional.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*October 2010*                                          Page 2                        **F 9013-1.2.NOTICE.NO.HEARING**

James C. Bastian, Jr. - Bar No. 175415
**SHULMAN HODGES & BASTIAN LLP**
8105 Irvine Center Drive, Suite 600
Irvine, California 92618
Telephone:     (949) 340-3400
Facsimile:      (949) 340-3000
Email: jbastian@shbllp.com

Insolvency Counsel for the Debtors and
Debtors in Possession, Trade Union International, Inc. and
Duck House, Inc.

### UNITED STATES BANKRUPTCY COURT

### CENTRAL DISTRICT OF CALIFORNIA, RIVERSIDE DIVISION

| | |
|---|---|
| In re | Case No.  6:11-bk-13071-DS |
| **TRADE UNION INTERNATIONAL, INC.,** **a California corporation,** | Chapter  11 |
| Debtor. | Jointly Administered With Case No.  6:11-bk-13072-DS |
| | **MOTION BY DEBTORS IN POSSESSION FOR ORDER APPROVING ORDER GRANTING THE DEBTORS A AN EXTENSION OF THE EXCLUSIVE PERIOD TO GAIN ACCEPTANCE OF A PLAN PURSUANT TO BANKRUPTCY CODE SECTION 1121 (d); MEMORANDUM OF POINTS AND AUTHORITIES AND DECLARATION OF WEN PIN CHANG IN SUPPORT** |
| In re | |
| **DUCK HOUSE, INC.,** **a California corporation,** | |
| Debtor. | [No Hearing Set Pursuant to Local Bankruptcy Rule 9013-1(o)] |

SHULMAN HODGES &
BASTIAN LLP
8105 Irvine Center Drive
Suite 600
Irvine, CA 92618

1

42656-000
\Z:\S-T\Trade Union International\Pld\Exclusivity Motion (August 1 2011 deadline).doc

# TABLE OF CONTENTS

**Page**

I.   INTRODUCTION ......................................................................................................... 5

II.  MOTION........................................................................................................................ 6

     A.   Background Information........................................................................................ 6

     B.   The Exclusivity Period and the Relief Requested................................................. 7

III. AUTHORITIES ............................................................................................................ 8

     A.   Good Cause Exists to Extend the Solicitation Exclusivity Period.......................... 8

     B.   Approval of the Exclusivity Motion Without a Hearing is Appropriate ............... 13

IV.  CONCLUSION............................................................................................................. 14

DECLARATION OF WEN PIN CHANG ......................................................................... 16

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

SHULMAN HODGES &
BASTIAN LLP
8105 Irvine Center Drive
Suite 600
Irvine, CA 92618

42656-000
\Z:\S-T\Trade Union International\Pld\Exclusivity Motion (August 1 2011 deadline).doc

1

## TABLE OF AUTHORITIES

2

### CASES

3

In re All Seasons Indus., Inc., 121 B.R. 1002, 1006 (Bankr. N.D. Ind. 1990) .............................. 9

In re Cent. Jersey Airport Servs., 282 B.R. 176, 184 (Bankr. D.N.J. 2002)................................ 10

In re Crescent Mfg. Co.
    122 B.R. 979, 982 (Bankr. N.D. Ohio 1990) ......................................................................... 10

In re Dow Corning Corp., 208 B.R. 661, 664 (Bankr. E.D. Mich. 1997)....................................... 9

In re Express One Int'l, Inc., 194 B.R. 98, 100 (Bankr. E.D. Tex. 1996) ................................... 10

In re Gibson & Cushman
    101 B.R. 405, 409 (E.D.N.Y. 1989) ....................................................................................... 9

In re Henry Mayo Newhall Memorial Hospital, 282 B.R. 444, 452 (B.A.P. 9th
    Cir. 2002)............................................................................................................................... 9

In re Highland Park Assoc. Ltd. P'ship I, 130 B.R. 55, 60 (Bankr. N.D. Ill. 1991).................... 11

In re Highland Park Assoc's. Ltd., Partnership I
    130 B.R. 55, 60 (Bankr. N.D. Ill. 1991) ............................................................................... 10

In re Hoffinger Indus., 292 B.R. 639, 643-44 (BAP 8th Cir. 2003) ............................................ 10

In re McLean Indus., Inc., 87 B.R. 830, 834 (Bankr. S.D.N.Y. 1987) ........................................ 10

In re Perkins (Gaines v. Perkins)
    71 B.R. 294 (W.D. Tenn. 1987)............................................................................................. 12

In re Pine Run Trust, Inc.
    67 B.R. 432 (Bankr. E.D. Pa. 1986) ...................................................................................... 12

In re Public Service Company of New Hampshire
    88 B.R. 521, 534 (Bankr. D. N.H. 1988) ................................................................................ 9

In re Serv. Merch. Co., 256 B.R. 744, 751-54 (Bankr. M.D. Tenn. 2000)................................... 10

In re Texaco, Inc.
    76 B.R. 322, 327 (Bankr. S.D.N.Y. 1987) ............................................................................ 11

In re Trainer's, Inc.
    17 B.R. 246 (Bankr. E.D. Pa. 1982) ................................................................................. 12, 13

In re United Press International
    60 B.R. 265 (Bankr. D. D.C. 1986) ....................................................................................... 12

North LaSalle Street P'ship v. Bank of Am. Nat'l Ass'n, No. 99 C 7110, 1999
    WL 1206619, at *4 (N.D. Ill. Dec 13, 1999)........................................................................... 9

28

SHULMAN HODGES &
BASTIAN LLP
8105 Irvine Center Drive
Suite 600
Irvine, CA 92618

3

42656-000
\Z:\S-T\Trade Union International\Pld\Exclusivity Motion (August 1 2011 deadline).doc

1

## **STATUTES**

2   Bankruptcy Code Section 102(1)(B) ........................................................................................... 14

3   Bankruptcy Code Section 1121(d).......................................................................................... passim

4

## **RULES**

5

6   Local Bankruptcy Rule 9013-1(o) ....................................................................................... 13, 14

7

## **OTHER AUTHORITIES**

8   140 Cong. Rec. H 10764 (Oct. 4, 1994) ...................................................................................... 9

9   H.R. Rep. No. 595, 95th Cong. 1st Sess. 406 (1977), reprinted in U.S.C.A.A.N.

10       5963, 6362.......................................................................................................................... 11

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**SHULMAN HODGES &**
**BASTIAN LLP**
8105 Irvine Center Drive
Suite 600
Irvine, CA 92618

4

42656-000
\Z:\S-T\Trade Union International\Pld\Exclusivity Motion (August 1 2011 deadline).doc

## I.    **INTRODUCTION**

**TO THE HONORABLE DEBORAH J. SALTZMAN, UNITED STATES BANKRUPTCY JUDGE, THE OFFICE OF THE UNITED STATES TRUSTEE, AND OTHER PARTIES-IN-INTEREST:**

Trade Union International, Inc., a California corporation ("Trade Union") and Duck House, Inc., a California corporation ("Duck House") (Trade Union and Duck House are collectively referred to herein as the "Debtors"), each a debtor and debtor in possession in these jointly administered bankruptcy cases, bring this Motion for Order Granting the Debtors an Extension of the Exclusive Period to Gain Acceptance of a Plan Pursuant to Bankruptcy Code Section 1121 (d) ("Motion").

The Debtors' commenced their bankruptcy cases on January 1, 2011 ("Petition Date"). Prior to the expiration of the 120-day period under Bankruptcy Code Section 1121(d) for the Debtors' exclusivity period to file a reorganization plan, on April 15, 2011, the Debtors filed their combined Disclosure Statement Describing the Debtors' Chapter 11 Reorganization Plan ("Disclosure Statement") and their proposed Chapter 11 Reorganization ("Plan").  The 180-day solicitation exclusivity period within which the Debtors may solicit acceptances to the Plan pursuant to Bankruptcy Code §1121(c)(3) will expire on August 1, 2011.

A hearing on approval of the Debtors' Disclosure Statement Describing the Debtors' Chapter 11 Reorganization Plan ("Disclosure Statement") was originally scheduled for June 7, 2011.  Following ongoing communications with the Debtors' principal lenders, Cathay Bank and China Trust Bank ("Bank Group"), addressing issues related substantial documentation that may be required to implement the Plan, and more recent communications with the Official Committee of Unsecured Creditors ("Committee") appointed by the Office of the United States Trustee on or about June 21, 2011, the hearing on approval of the Disclosure Statement was continued and is currently scheduled for August 2, 2011.  Provided that the Disclosure Statement is approved, it is anticipated that  a hearing on confirmation of the Debtors' proposed Chapter 11 Reorganization will be scheduled for September 2011.

SHULMAN HODGES &
BASTIAN LLP
8105 Irvine Center Drive
Suite 600
Irvine, CA 92618

5

42656-000
\Z:\S-T\Trade Union International\Pld\Exclusivity Motion (August 1 2011 deadline).doc

1  As such, by this Motion, the Debtors move the Court for an order extending the

2  exclusivity period within which the Debtors may solicit acceptances to a plan pursuant to

3  Bankruptcy Code §1121(c)(3), such that the last day of exclusivity period shall be extended from

4  August 1, 2011 to October 1, 2011.

5  Cause exists for the short extension of the Plan solicitation exclusivity period.  The

6  Debtors have made substantial progress in their cases, a hearing on approval of the Disclosure

7  Statement is scheduled for August 2, 2011 and provided the Disclosure Statement is approved, it

8  is anticipated that a hearing on Plan confirmation will be shortly scheduled.  The Debtors have

9  complied with all of the requirements of the Bankruptcy Code, the Bankruptcy Rules, and the

10  requirements of the Office of the United States Trustee.  Furthermore, the Debtors are diligently

11  working towards negotiations with creditors, maintaining business operations, and identifying

12  assets for sale.  The relief sought herein will allow the Estate to preserve and maintain the

13  opportunity for an orderly, efficient and cost-effective resolution of this case.

14  ## II.    **MOTION**

15  In support of the Motion, the Debtors respectfully represent as follows:

16  **A.    Background Information**

17  The Debtors each filed a voluntary petition for relief under Chapter 11 of the United

18  States Bankruptcy Code on January 31, 2011.  Trade Union and Duck House are each continuing

19  in possession of their property, and operating and managing their respective business, as debtors-

20  in-possession pursuant to Bankruptcy Code Sections 1107 and 1108.

21  Pursuant to Court Order entered February 10, 2011, the Chapter 11 case of Trade Union is

22  being jointly administered with the Chapter 11 case of Duck House.

23  Mr. Chang formed Trade Union in 1981 and officially incorporated it in 1984 in order to

24  supply top quality aftermarket aluminum alloy wheels and wheel and truck accessories.  Trade

25  Union's products are manufactured in Taiwan and China and are shipped to the United States for

26  distribution to wholesalers and retailers.  Trade Union is known for product lines which include

27  Verde Custom Wheels, Black Ice Alloys, and Topline Products.

28

**SHULMAN HODGES &
BASTIAN LLP**
8105 Irvine Center Drive
Suite 600
Irvine, CA 92618

6

42656-000
\Z:\S-T\Trade Union International\Pld\Exclusivity Motion (August 1 2011 deadline).doc

1     Duck House was established in 1981 and officially incorporated in 1986.  Duck House

2  specializes in designing products for sports enthusiasts.  In order to offer the most competitive

3  prices, the products are manufactured in factories in China and in Taiwan and then distributed by

4  Duck House in the United States.

5     The Debtors' corporate office is located in Montclair and this facility includes more than

6  100,000 square feet of warehouse space.  The workers of both Trade Union and Duck House are

7  employed and paid by Trade Union.  Duck House reimburses Trade Union for payments

8  allocated to Duck House.

9     The Debtors' assets are encumbered by liens in favor of the Bank Group consisting of

10  Cathay Bank and China Trust Bank.

11  **B.**     **The Exclusivity Period and the Relief Requested**

12     Prior to the expiration of the 120-day period under Bankruptcy Code Section 1121(d) for

13  the Debtors' exclusivity period to file a reorganization plan, on April 15, 2011, the Debtors filed

14  their combined Disclosure Statement and their proposed Plan.  The 180-day solicitation

15  exclusivity period within which the Debtors may solicit acceptances to the Plan pursuant to

16  Bankruptcy Code §1121(c)(3) will expire on August 1, 2011.

17     A hearing on approval of the Disclosure Statement was originally scheduled for

18  June 7, 2011.  Following ongoing communications with the Bank Group, addressing issues

19  related substantial documentation that may be required to implement the Plan, and more recent

20  communications with the Committee appointed on or about June 21, 2011, the hearing on

21  approval of the Disclosure Statement was continued and is currently scheduled for

22  August 2, 2011.  Provided that the Disclosure Statement is approved, it is anticipated that  a

23  hearing on confirmation of the Debtors' proposed Chapter 11 Reorganization will be scheduled

24  for September 2011.

25     Based on the foregoing, the Debtors move the Court for an order extending the

26  exclusivity period within which the Debtors may solicit acceptances to a plan pursuant to

27  Bankruptcy Code §1121(c)(3) ('Solicitation Exclusive Period"), such that the last day of such

28  period shall be extended from August 1, 2011 to October 1, 2011.  The Debtors request this

**SHULMAN HODGES &
BASTIAN LLP**
8105 Irvine Center Drive
Suite 600
Irvine, CA 92618

7

42656-000
\Z:\S-T\Trade Union International\Pld\Exclusivity Motion (August 1 2011 deadline).doc

1  extension so that they have time to have obtain approval of the Disclosure Statement and have a

2  hearing on confirmation of the Plan to be scheduled and take place.

3      The Debtors have already made substantial progress in their bankruptcy case and in their

4  discussions with the Bank Group, addressing issues related substantial documentation that may

5  be required to implement the Plan and recent communications the newly appointed Committee

6  related to plan development.  The Debtors need the extension to allow ongoing discussions to

7  continue with the Bank Group and the Committee, to finalize the procedures for obtaining Court

8  approval of the Disclosure Statement, and to have a hearing on Plan confirmation to be

9  scheduled and take place.

10     Cause exists for the short extension of the Solicitation Exclusivity Period.  The Debtors

11 have made substantial progress in their cases, a hearing on approval of the Disclosure Statement

12 is scheduled for August 2, 2011 and provided the Disclosure Statement is approved, it is

13 anticipated that a hearing on Plan confirmation will be shortly scheduled.  The Debtors have

14 complied with all of the requirements of the Bankruptcy Code, the Bankruptcy Rules, and the

15 requirements of the Office of the United States Trustee.  Furthermore, the Debtors are diligently

16 working towards negotiations with creditors, maintaining business operations, and identifying

17 assets for sale.  The relief sought herein will allow the Estate to preserve and maintain the

18 opportunity for an orderly, efficient and cost-effective resolution of this case.

19     This request to extend the Solicitation Exclusivity Period is without prejudice to the

20 Debtors' right to seek further extensions as may be appropriate under the circumstances of the

21 bankruptcy case.

22                           **III.    <u>AUTHORITIES</u>**

23 **A.    <u>Good Cause Exists to Extend the Solicitation Exclusivity Period</u>**

24     Bankruptcy Code Section 1121(d) provides that a Chapter 11 debtor has the exclusive

25 right, for a period of 120 days following the filing of the petition, to file a plan of reorganization,

26 and to thereafter solicit acceptances to any plan so filed for a period of an additional sixty days.

27 Bankruptcy Code Section 1121(d) further allows the Court, for cause, to extend such exclusivity

28 time periods.

SHULMAN HODGES &
BASTIAN LLP
8105 Irvine Center Drive
Suite 600
Irvine, CA 92618

8

42656-000
\Z:\S-T\Trade Union International\Pld\Exclusivity Motion (August 1 2011 deadline).doc

1

2      Bankruptcy Code Section 1121(d) provides that:

3              [o]n request of a party in interest made within the
               respective periods specified in subsections (b) and
4              (c) of this section and after notice and a hearing, the
               court may for cause reduce or increase the 120-day
5              period or the 180-day period referred to in this
               section.
6

7      The decision of whether or not to grant a request to extend or shorten the exclusivity

8  period lies within the sound discretion of the bankruptcy judge.  In re Gibson & Cushman, 101

9  B.R. 405, 409 (E.D.N.Y. 1989).  The "cause" standard referred to in section 1121 has been

10 referred to as a general standard that allows the bankruptcy court "maximum flexibility to suit

11 various types of reorganization proceedings."  In re Public Service Company of New Hampshire,

12 88 B.R. 521, 534 (Bankr. D. N.H. 1988).

13     The Bankruptcy Code does not define the "for cause" standard that is contained in section

14 1121(d)(1), but the legislative history and case law indicate that bankruptcy courts should use

15 their discretion to promote the orderly, consensual and successful reorganization of a debtor's

16 affairs. See 203 North LaSalle Street P'ship v. Bank of Am. Nat'l Ass'n, No. 99 C 7110, 1999

17 WL 1206619, at *4 (N.D. Ill. Dec 13, 1999) ("[T]he Code commits decisions on extending the

18 exclusivity period to the discretion of the bankruptcy court."); 140 Cong. Rec. H 10764 (Oct. 4,

19 1994) ("Exclusivity is intended to promote an environment in which the debtor's business may

20 be rehabilitated and a consensual plan may be negotiated."); see also In re All Seasons Indus.,

21 Inc., 121 B.R. 1002, 1006 (Bankr. N.D. Ind. 1990) ("One of the most important reasons for

22 extending the debtor's period of exclusivity is to give the Chapter 11 process of negotiation and

23 compromise an opportunity to be fulfilled, so that a consensual plan can be proposed and

24 confirmed without opposition").

25     Courts have held that in determining whether cause exists, a variety of factors should be

26 considered to assess the totality of the circumstances in each case. See, e.g., In re Henry Mayo

27 Newhall Memorial Hospital, 282 B.R. 444, 452 (B.A.P. 9th Cir. 2002) (citing In re Dow Corning

28

SHULMAN HODGES &
BASTIAN LLP
8105 Irvine Center Drive
Suite 600
Irvine, CA 92618

9

42656-000
\Z:\S-T\Trade Union International\Pld\Exclusivity Motion (August 1 2011 deadline).doc

1    Corp., 208 B.R. 661, 664 (Bankr. E.D. Mich. 1997)); In re Express One Int'l, Inc., 194 B.R. 98,

2    100 (Bankr. E.D. Tex. 1996); In re McLean Indus., Inc., 87 B.R. 830, 834 (Bankr. S.D.N.Y.

3    1987).   The following factors, among others, have been identified as relevant in determining

4    whether cause exists to extend the Exclusive Periods: (i) the size and complexity of the case; (ii)

5    the necessity of sufficient time to permit the debtor to negotiate a chapter 11 plan and prepare a

6    disclosure statement having adequate information; (iii) the debtor's progress in resolving issues

7    facing the estate; and (iv) whether an extension of time will harm the debtor's creditors. See,

8    e.g., In re Cent. Jersey Airport Servs., 282 B.R. 176, 184 (Bankr. D.N.J. 2002); In re Hoffinger

9    Indus., 292 B.R. 639, 643-44 (BAP 8th Cir. 2003); In re Serv. Merch. Co., 256 B.R. 744, 751-54

10   (Bankr. M.D. Tenn. 2000); McLean Indus., 87 B.R. at 834-35; Express One Int'l, 194 B.R. at

11   100; Dow Corning, 208 B.R. at 664-65. As set forth below, application of the foregoing factors

12   to the facts herein demonstrates that ample cause exists for the requested extension of the

13   Exclusivity Periods.

14           Courts have found cause for extending the exclusivity periods where the complexity of

15   the case causes difficulty in formulating a plan of reorganization, and where the debtor has made

16   substantial progress in the case which is critical to successful reorganization.   In re Highland

17   Park Assoc's. Ltd., Partnership I, 130 B.R. 55, 60 (Bankr. N.D. Ill. 1991); In re Crescent Mfg.

18   Co., 122 B.R. 979, 982 (Bankr. N.D. Ohio 1990); In re Pine Run Trust, 67 B.R. 432, 435 (Bankr.

19   E.D. Pa. 1986).

20           The Debtors have already made substantial progress in their bankruptcy cases and in their

21   discussions with the Bank Group and the newly appointed Committee.    The Disclosure

22   Statement was filed before the expiration of the 120-day exclusivity period for the Debtors to file

23   plan under Bankruptcy Code Section 1121(d).  Since that time, the Debtors have been in ongoing

24   discussions with the Bank Group and later the Committee regarding the Debtors' reorganization

25   and  proposed  Plan.    Terminating  the  Solicitation  Exclusivity  Period  before  this  process  is

26   complete would contravene the very purpose of Bankruptcy Code § 1121, which is to afford the

27   Debtors a meaningful and reasonable opportunity to negotiate with creditors, and propose and

28   confirm a consensual plan.

SHULMAN HODGES &
BASTIAN LLP
8105 Irvine Center Drive
Suite 600
Irvine, CA 92618

10

42656-000
\Z:\S-T\Trade Union International\Pld\Exclusivity Motion (August 1 2011 deadline).doc

1    The Debtors have made progress in their reorganization efforts. The Debtors have not

2    basked under the protection of the automatic stay, but rather, in the short period of time this case

3    has been pending, they have taken several affirmative steps progressing towards resolution of

4    this case and payment of allowed claims. From an administrative standpoint, the Debtors have

5    made significant progress since the Petition Date, including obtaining relief designed to

6    minimize disruptions from utility providers, making sure that expenses are paid to preserve asset

7    value and actively communicating with creditors regarding the Debtors' reorganization. Further,

8    the Debtors have submitted all of the information required to complete the United States

9    Trustee's "7-Day Package," timely filed their schedules of assets and liabilities and statement of

10    financial affairs and have filed their Monthly Operating Reports. It is anticipated that the

11    Debtors' Disclosure Statement will be approved at the August 2, 2011 hearing and the hearing on

12    Plan confirmation will be scheduled for September 2011. The Debtors need to have the

13    Solicitation Exclusivity Period extend to to allow the Debtors to address open issues, have the

14    hearing on approval of the Disclosure Statement take place and the hearing on confirmation of

15    the Plan to be scheduled and take place.

16    The size and complexity of a debtor's case alone may constitute cause for an extension of

17    the Exclusive Periods. See Henry Mayo Newhall Memorial Hospital, 282 B.R. 444 at 452;

18    *Express One*, 194 B.R. at 100 ("The traditional ground for cause is the large size of the debtor

19    and the concomitant difficulty in formulating a plan of reorganization."); In re Highland Park

20    Assoc. Ltd. P'ship I, 130 B.R. 55, 60 (Bankr. N.D. Ill. 1991) (finding that the complexities of the

21    case warranted an extension). In assessing whether an extension is appropriate in a particular

22    case, the court in Express One noted that it is "not . . . necessary to be a Texaco, Johns-Manville

23    Forest Products, or Ames Department Stores to be considered 'large and complex' within the

24    meaning of section 1121." 194 B.R. at 100. When the question of exclusivity is entertained,

25    complexity in Chapter 11 cases is commonly equated with size. Neither the language of the

26    statute nor the Congressional commentary which preceded its enactment implies that this

27    construction was the intent of the drafters. See H.R. Rep. No. 595, 95th Cong. 1st Sess. 406

28    (1977), reprinted in U.S.C.A.A.N. 5963, 6362 ("Cause might include an unusually large or

SHULMAN HODGES &
BASTIAN LLP
8105 Irvine Center Drive
Suite 600
Irvine, CA 92618

11

42656-000
\Z:\S-T\Trade Union International\Pld\Exclusivity Motion (August 1 2011 deadline).doc

1  unusually small case . . . .") (emphasis added).  Instead, the congressional intent, and the focus of

2  most courts, appears to be on a variety of factors, such as those outlined above.  See, e.g., In re

3  Perkins (Gaines v. Perkins), 71 B.R. 294 (W.D. Tenn. 1987) (court allowed extension of existing

4  exclusivity period in case where individual debtor, with substantial personal assets and

5  approximately 100 creditors, needed additional time to reach accord with a sufficient number of

6  creditors); In re Trainer's, Inc., 17 B.R. 246 (Bankr. E.D. Pa. 1982) ("cause" for extension was

7  present when the debtor had made substantial efforts to sell its main asset, was paying current

8  expenses as they came due, and needed additional time to conclude negotiations for sale of the

9  asset).

10       Here, the Debtors' cases involve numerous creditors over the two Estates, and involves

11  coordination of two separate operating corporations.  An effective chapter 11 plan requires

12  coordination among the two bankruptcy estates and must account for taxation and other issues.

13  Due to the multiple facets of this case and the time required to address open issues, the time

14  needed to continue discussions with the Bank Group and the Committee and complete plan

15  confirmation process which may include substantial documentation required to implement the

16  Plan, the Debtors need an extension of the Solicitation Exclusivity Period.

17       In addition to the foregoing, courts have found cause to justify an extension of a debtor's

18  exclusivity period where there is no evidence that an extension is being sought for purposes of

19  pressuring creditors into acceding to a debtor's reorganization demands.  See, In re Pine Run

20  Trust, Inc., 67 B.R. 432 (Bankr. E.D. Pa. 1986).  In this case, the Debtors are not pressuring their

21  creditors, but rather have directed their efforts towards the continued business operations and

22  active communications with the Bank Group and the Committee to propose a consensual

23  reorganization plan.  The extension of the Solicitation Exclusivity Period will allow the Debtors

24  to continue to work with the Bank Group and the Committee in efforts to confirm consensual

25  plan and eliminate the chance of the Debtors being subject to competing plans.

26       Finally, courts have recognized that the diligence of management and the proper

27  administration of the case are yet additional factors supporting an extension of the exclusivity

28  periods.  See In re United Press International, 60 B.R. 265 (Bankr. D. D.C. 1986); In re

SHULMAN HODGES &
BASTIAN LLP
8105 Irvine Center Drive
Suite 600
Irvine, CA 92618

12

42656-000
\Z:\S-T\Trade Union International\Pld\Exclusivity Motion (August 1 2011 deadline).doc

1    _Trainer's, Inc.,_ 17 B.R. 246, 247 (Bankr. E.D. Pa. 1982).  In the present case, the Debtors have

2    complied with all of the requirements of the Bankruptcy Code, the Bankruptcy Rules, and the

3    requirements of the Office of the United States Trustee.  Furthermore, the Debtors are diligently

4    working towards negotiations with creditors, maintaining business operations, and identifying

5    assets for sale.  These factors provide firm ground upon which the Court may find that sufficient

6    cause exists to extend the Solicitation Exclusivity Period.

7    **B.**    **Approval of the Exclusivity Motion Without a Hearing is Appropriate**

8         Local Bankruptcy Rule ("LBR") 9013-1(o) provides as follows:

9         (o) Motions and Matters Not Requiring a Hearing

10        (1)    Matters That May Be Determined Upon Notice of Opportunity to
               Request Hearing. Except as to matters specifically noted in paragraph
               (o)(2) below, and as otherwise ordered by the court, any matter which
               may be set for hearing in accordance with LBR 9013-1 may be
12             determined upon notice of opportunity to request a hearing.

13        (A)    Notice.  When the notice of opportunity for hearing procedure is used,
               the notice must:

14                    1.    Succinctly and sufficiently describe the nature of the relief
                          sought and set forth the essential facts necessary for a party
15                        in interest to determine whether to file a response and
                          request a hearing;

17                    2.    State that LBR 9013-1(o)(1) requires that any response and
                          request for hearing must be filed with the court and served
18                        on the movant and the United States Trustee within 15 days
                          after the date of service of the notice; and

19                    3.    Be filed with the court and served by the moving party on
                          all creditors and other parties in interest who are entitled to
20                        notice of the particular matter.

21        (B)    Motion.  The motion and supporting papers must be filed with the
               notice, but must be served only on the United States Trustee and those
22             parties who are directly affected by the requested relief.

23        (2)    Matters That May Not be Determined Upon Notice of Opportunity to
               Request Hearing. Unless otherwise ordered by the court, the following
24             matters may not be determined by the procedure set forth in paragraph
               (o)(1) above:

26        (A)    Objections to claims;

27        (B)    Motions regarding the stay of 11 U.S.C. § 362;

28        (C)    Motions for summary judgment and partial summary adjudication;

SHULMAN HODGES &
BASTIAN LLP
8105 Irvine Center Drive
Suite 600
Irvine, CA 92618

13

42656-000
\Z:\S-T\Trade Union International\Pld\Exclusivity Motion (August 1 2011 deadline).doc

(D)    Motions for approval of cash collateral stipulations;

(E)    Motions for approval of postpetition financing;

(F)    Motions for continuance;

(G)    Adequacy of chapter 11 disclosure statements;

(H)    Confirmation of plans in chapter 9, chapter 11, chapter 12, and chapter 13 cases;

(I)    Motions for orders establishing procedures for the sale of the estate's assets under LBR 6004-1(b).

(J)    Motions for recognition of a foreign proceeding as either a main or a nonmain proceeding;

(K)    Motions for the adoption of a chapter 15 administrative order; and

(L)    Motions for the adoption of a cross-border protocol.

Bankruptcy Code Section 102(1)(B) provides that "after notice and a hearing", or a similar phrase-

> (B) authorizes an act without an actual hearing if such notice is given properly and if-
>
>> (i) such a hearing is not requested timely by a party in interest; or
>>
>> (ii) there is insufficient time for a hearing to be commenced before such act must be done, and the court authorizes such act;

The Debtors believe the Local Bankruptcy Rule 9013-1(o) procedure is appropriate in this case.  The Debtors do not anticipate any opposition to the Motion as the relief requested will provide for a more efficient and cost effective administration of the Estate, and therefore, will serve the best interest of the Estate and its creditors.  The procedure will save the Estates the fees and costs associated with conducting a hearing on approval of a matter which the Debtors anticipate will not be opposed.

## IV.    <u>CONCLUSION</u>

**WHEREFORE**, based upon the foregoing, the Debtors respectfully submit that good cause exists for granting the Motion and request that the Court enter as follows:

SHULMAN HODGES &
BASTIAN LLP
8105 Irvine Center Drive
Suite 600
Irvine, CA 92618

14

42656-000
\Z:\S-T\Trade Union International\Pld\Exclusivity Motion (August 1 2011 deadline).doc

1          1.          Extending the exclusive period within which the Debtors may solicit acceptances

2    to a plan pursuant to Bankruptcy Code §1121(c)(3) from August 1, 2011 to October 1, 2011.

3          2.          And for such other and further relief as the Court deems just and proper.

4

5    Dated: July 20, 2011                    Respectfully submitted,

     **SHULMAN HODGES & BASTIAN LLP**

6

7    /s/ James C. Bastian, Jr.

8    _____
     James. C. Bastian, Jr.
     Insolvency Counsel for
9    Trade Union International, Inc., and
     Duck House, Inc.,
10   the Debtors and Debtors in Possession

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

SHULMAN HODGES &
BASTIAN LLP
8105 Irvine Center Drive
Suite 600
Irvine, CA 92618

15

42656-000
\Z:\S-T\Trade Union International\Pld\Exclusivity Motion (August 1 2011 deadline).doc

# DECLARATION

## DECLARATION OF WEN PIN CHANG

I, Wen Pin Chang, declare:

1.      I am the President of Trade Union International, Inc., a California corporation ("Trade Union"), and Duck House, Inc., a California corporation ("Duck House"), each a debtor and debtor in possession (collectively the "Debtors"), and am one of the persons responsible for the administration of the Debtors.  I have personal knowledge of the facts set forth herein and could, if called as a witness, competently testify thereto.  I am also personally familiar with, and am custodian of, the records of the Debtors as they pertain to the financial records set forth herein.  The records of the Debtors are made by employees or agents of the Debtors who report to me and who have a business duty to enter the records of the Debtors accurately and at or near the time of the event which they record.

2.      I make this Declaration in support of the Motion for Order Granting the Debtors an Extension of the Exclusive Period to Gain Acceptance of a Plan Pursuant to Bankruptcy Code Section 1121 (d)  ("Motion").   Unless otherwise noted, capitalized terms herein have the meaning as set forth in the Motion.

3.      The Debtors each filed a voluntary petition for relief under Chapter 11 of the United States Bankruptcy Code on January 31, 2011.  Trade Union and Duck House are each continuing in possession of their property, and operating and managing their respective business, as debtors-in-possession pursuant to Bankruptcy Code Sections 1107 and 1108.

4.      Pursuant to Court Order entered February 10, 2011, the Chapter 11 case of Trade Union is being jointly administered with the Chapter 11 case of Duck House.

5.      I formed Trade Union in 1981 and officially incorporated it in 1984 in order to supply top quality aftermarket aluminum alloy wheels and wheel and truck accessories.  Trade Union's products are manufactured in Taiwan and China and are shipped to the United States for distribution to wholesalers and retailers.  Trade Union is known for product lines which include Verde Custom Wheels, Black Ice Alloys, and Topline Products.

6.      Duck House was established in 1981 and officially incorporated in 1986.  Duck House specializes in designing products for sports enthusiasts.   In order to offer the most

SHULMAN HODGES &
BASTIAN LLP
8105 Irvine Center Drive
Suite 600
Irvine, CA 92618

16

42656-000
\Z:\S-T\Trade Union International\Pld\Exclusivity Motion (August 1 2011 deadline).doc

1    competitive prices, the products are manufactured in factories in China and in Taiwan and then

2    distributed by Duck House in the United States.

3        7.    The Debtors' corporate office is located in Montclair and this facility includes

4    more than 100,000 square feet of warehouse space.  The workers of both Trade Union and Duck

5    House are employed and paid by Trade Union.  Duck House reimburses Trade Union for

6    payments allocated to Duck House.

7        8.    The Debtors' assets are encumbered by liens in favor of the Bank Group

8    consisting of Cathay Bank and China Trust Bank.

9        9.    Prior to the expiration of the 120-day period under Bankruptcy Code Section

10   1121(d) for the Debtors' exclusivity period to file a reorganization plan, on April 15, 2011, the

11   Debtors filed their combined Disclosure Statement and their proposed Plan.  The 180-day

12   solicitation exclusivity period within which the Debtors may solicit acceptances to the Plan

13   pursuant to Bankruptcy Code §1121(c)(3) will expire on August 1, 2011.

14       10.    A hearing on approval of the Disclosure Statement was originally scheduled for

15   June 7, 2011.  Following ongoing communications with the Bank Group, addressing issues

16   related substantial documentation that may be required to implement the Plan, and more recent

17   communications with the Committee appointed on or about June 21, 2011, the hearing on

18   approval of the Disclosure Statement was continued and is currently scheduled for

19   August 2, 2011.  Provided that the Disclosure Statement is approved, it is anticipated that  a

20   hearing on confirmation of the Debtors' proposed Chapter 11 Reorganization will be scheduled

21   for September 2011.

22       11.    Based on the foregoing, the Debtors move the Court for an order extending the

23   exclusivity period within which the Debtors may solicit acceptances to a plan pursuant to

24   Bankruptcy Code §1121(c)(3) ('Solicitation Exclusive Period"), such that the last day of such

25   period shall be extended from August 1, 2011 to October 1, 2011.  The Debtors request this

26   extension so that they have time to have obtain approval of the Disclosure Statement and have a

27   hearing on confirmation of the Plan to be scheduled and take place.

28

SHULMAN HODGES &
BASTIAN LLP
8105 Irvine Center Drive
Suite 600
Irvine, CA 92618

17

42656-000
\Z:\S-T\Trade Union International\Pld\Exclusivity Motion (August 1 2011 deadline).doc

12.     The Debtors have already made substantial progress in their bankruptcy case and in their discussions with the Bank Group, addressing issues related substantial documentation that may be required to implement the Plan and recent communications the newly appointed Committee related to plan development.  The Debtors need the extension to allow ongoing discussions to continue with the Bank Group and the Committee, to finalize the procedures for obtaining Court approval of the Disclosure Statement, and to have a hearing on Plan confirmation to be scheduled and take place.

13.     Cause exists for the short extension of the Solicitation Exclusivity Period.  The Debtors have made substantial progress in their cases, a hearing on approval of the Disclosure Statement is scheduled for August 2, 2011 and provided the Disclosure Statement is approved, it is anticipated that a hearing on Plan confirmation will be shortly scheduled.  The Debtors have complied with all of the requirements of the Bankruptcy Code, the Bankruptcy Rules, and the requirements of the Office of the United States Trustee.  Furthermore, the Debtors are diligently working towards negotiations with creditors, maintaining business operations, and identifying assets for sale.  The relief sought herein will allow the Estate to preserve and maintain the opportunity for an orderly, efficient and cost-effective resolution of this case.

14.     This request to extend the Solicitation Exclusivity Period is without prejudice to the Debtors' right to seek further extensions as may be appropriate under the circumstances of the bankruptcy case.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed at Montclair, California on July 20, 2011.

Wen Pin Chang

SHULMAN HODGES &
BASTIAN LLP
8105 Irvine Center Drive
Suite 600
Irvine, CA 92618

18

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

 **8105 Irvine Center Drive, Suite 600, Irvine, California 92618**


A true and correct copy of the foregoing document described as **NOTICE OF MOTION FOR ORDER WITHOUT HEARING PURSUANT TO LBR 9013-1(o)** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:


I.  **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On **7/22/11**_____, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

☑ Service information continued on attached page

II.  **SERVED BY U.S. MAIL OR OVERNIGHT MAIL**(indicate method for each person or entity served)**:**
On **7/22/11**_____, I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be</u> completed no later than 24 hours after the document is filed.

☑ Service information continued on attached page

III.  **SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on _____,I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on the judge <u>will be</u> completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| July 22, 2011 | Lorre Clapp | /s/ Lorre Clapp |
|---|---|---|
| *Date* | *Type Name* | *Signature* |

This form is optional.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*October 2010*                                    Page 3                    **F 9013-1.2.NOTICE.NO.HEARING**

**NEF Service List:**

- **James C Bastian    jbastian@shbllp.com**
- **Michael G Fletcher    mfletcher@frandzel.com, efiling@frandzel.com;shom@frandzel.com**
- **Barry V Freeman    bvf@jmbm.com, bvf@jmbm.com**
- **Allan P Leguay    leguay@pacbell.net**
- **Elizabeth A Lossing    elizabeth.lossing@usdoj.gov**
- **Nicholas A Merkin    nmerkin@frandzel.com, efiling@frandzel.com;bwilson@frandzel.com**
- **Ramesh Singh    claims@recoverycorp.com**
- **James M Sullivan    jsullivan@mosessinger.com, ccaruso@mosessinger.com;dkick@mosessinger.com**
- **United States Trustee (RS)    ustpregion16.rs.ecf@usdoj.gov**
- **Andrew F Whatnall    awhatnall@daca4.com**


**U.S. Mail Service - Continued on Attached.**

# TRADE UNION - U.S. MAIL SERVICE LIST

**INTERESTED PARTY**
OFFICE OF UNITED STATES TRUSTEE (RS)
3685 MAIN STREET SUITE 300
RIVERSIDE, CA 92501

**ATTORNEYS FOR CATHAY BANK**
MICHAEL G FLETCHER ESQ
NICHOLAS A. MERKIN ESQ
FRANDZEL ROBINS BLOOM & CSATO LC
6500 WILSHIRE BLVD
SEVENTEENTH FLOOR
LOS ANGELES, CA 90048-4920

**ATTORNEYS FOR CATHAY BANK**
GARY OWEN CARIS ESQ
MCKENNA LONG & ALDRIGE LLP
300 SOUTH GRAND AVE 14TH FLOOR
LOS ANGELES, CA 90071-3124

**ATTORNEYS FOR CHINATRUST BANK**
BARRY FREEMAN ESQ
JEFFER MANGELS BUTLER & MITCHEL LLP
1900 AVE OF THE STARS 7TH FLOOR
LOS ANGELES, CA 90067

**PROPOSED ATTORNEYS FOR THE COMMITTEE**
ROBERT OPERA ESQ
WINTHROP COUCHOT PC
660 NEWPORT CENTER DRIVE
FOURTH FLOOR
NEWPORT BEACH, CA 92660

**SCHEDULE D, NOTICE PURPOSES**
WELLS FARGO FINANCIAL LEASING
MANUFACTURER SERVICES GROUP
ATTN PRESIDENT OR MANAGING AGENT
P.O. BOX 7777
SAN FRANCISCO, CA 94120-7777

**SCHEDULE D, NOTICE PURPOSES**
WELLS FARGO BANK NA
ATTN PRESIDENT OR MANAGING AGENT
300 TRI STATE INTL SUITE 400
LINCOLNSHIRE, IL 60069-4417

**SCHEDULE D, NOTICE PURPOSES**
MICHELIN NORTH AMERICA INC
ATTN PRESIDENT OR MANAGING AGENT
1 PARKWAY S
GREENVILLE, SC 29615-5022

**SCHEDULE D, NOTICE PURPOSES**
USBANCORP
ATTN PRESIDENT OR MANAGING AGENT
1310 MADRID ST SUITE 104
MARSHALL, MN 56258-4006

**SCHEDULE D, NOTICE PURPOSES**
KEY EQUIPMENT FINANCE
ATTN PRESIDENT OR MANAGING AGENT
PAYMENT PROCESSING
CLEVELAND, OH 44194-0796

**SCHEDULE D, NOTICE PURPOSES**
KEY EQUIPMENT FINANCE
ATTN PRESIDENT OR MANAGING AGENT
601 OAKMONT LN SUITE 110
WESTMONT, IL 60559-5557

**SCHEDULE D**
CATHAY BANK
ATTN DAVID L PRICE, VICE PRESIDENT
LOAN SYNDICATIONS
777 N BROADWAY
LOS ANGELES, CA 90012

**SCHEDULE D, ADDITIONAL NOTICE**
CATHAY BANK
ATTN GREGORY BADURA
ATTN SANDRA SHA KENYON, FIRST VICE PRESIDENT
9650 FLAIR  DR, 3RD FLOOR
EL MONTE, CA 91731

**SCHEDULE D, NOTICE PURPOSES**
CHINATRUST BANK
ATTN MELVIN O.REDFORD, EXECUTIVE VICE PRESIDENT
22939 HAWTHORNE BLVD
TORRANCE, CA 90505

**SCHEDULE F/20 LARGEST**
BROTHER MEZA'S PALLETS
ATTN PRESIDENT OR MANAGING AGENT
P.O. BOX 310506
FONTANA, CA 92331

**SCHEDULE F/20 LARGEST**
BULLET TRANSPORTATION SERVICES
ATTN PRESIDENT OR MANAGING AGENT
P.O. BOX 809066
CHICAGO, IL 60680-9066

**COMMITTEE MEMBER**
BULLET TRANSPORTATION SERVICES
ATTN TERRY HANDELAND
4900 S PENNSYLVANIA AVE
CUDAHY, WI 53110

**SCHEDULE F/20 LARGEST**
CLARK DISTRIBUTION SYSTEMS, INC
ATTN PRESIDENT OR MANAGING AGENT
P.O. BOX 85095
CHICAGO, IL 60680-0851

**SCHEDULE F/20 LARGEST**
CONTINENTAL AGENCY
ATTN PRESIDENT OR MANAGING AGENT
1400 MONTEFINO AVE. SUITE 200
DIAMOND BAR, CA 91765

**SCHEDULE F/20 LARGEST**
DUB PUBLISHING INC.
ATTN PRESIDENT OR MANAGING AGENT
16815 JOHNSON DRIVE
CITY OF INDUSTRY, CA 91745-1819

**SCHEDULE F/20 LARGEST**
JOE INTERRANTE
185 PROVIDENCE PLANTATION DR.
ALPHARETTA, GA 30004

**SCHEDULE F/20 LARGEST**
JOSEPH C. HIGDON
18814 GREENWAY
OLATHE, KS 66062

**SCHEDULE F/20 LARGEST**
KAISER FOUNDATION HEALTH PLAN
ATTN PRESIDENT OR MANAGING AGENT
FILE 5915
LOS ANGELES, CA 90074-5915

**SCHEDULE F/20 LARGEST**
KDA PRODUCTS INC
ATTN PRESIDENT OR MANAGING AGENT
15325 BLACKBURN AVENUE
NORWALK, CA 90650

**SCHEDULE F/20 LARGEST**
KODAI (U.S.A.) INC.
ATTN PRESIDENT OR MANAGING AGENT
2440 S. HACIENDA BLVD
HACIENDA HEIGHT, CA 91745

**SCHEDULE F/20 LARGEST**
LSY TRUCKING
ATTN PRESIDENT OR MANAGING AGENT
9420 MAPLE ST.
BELLFLOWER, CA 90706

**SCHEDULE F/20 LARGEST**
MARK BERGER SALES INC.
ATTN PRESIDENT OR MANAGING AGENT
1631 ROCK RIVER
PLACENTIA, CA 92870

**COMMITTEE MEMBER - SCHEDULE F/20 LARGEST**
MONTEREY LIGHTING SOLUTIONS, INC.
ATTN CLARK LONGHURST
2148 POMONA BLVD.
POMONA, CA 91768

**SCHEDULE F/20 LARGEST**
MOUNTAIN VIEW PACKAGING, INC.
ATTN PRESIDENT OR MANAGING AGENT
4773 BROOKS STREET UNIT G
MONTCLAIR, CA 91763

**SCHEDULE F/20 LARGEST**
PACIFICARE OF CALIFORNIA
ATTN PRESIDENT OR MANAGING AGENT
DEPT NO. 1346
LOS ANGELES, CA 90088-1346

**SCHEDULE F/20 LARGEST**
QUARTZ LOGISTICS INC.
ATTN PRESIDENT OR MANAGING AGENT
731 S. GARFIELD AVE.
ALHAMBRA, CA 91801

**SCHEDULE F/20 LARGEST**
SHANGHAI BON VOYAGE INTERNATIONAL
TRADING CO., LTD.
ATTN PRESIDENT OR MANAGING AGENT
2F, NO.110, YAN'AN RD.(E)
SHANGHAI, 200002 CHINA

**SCHEDULE F/20 LARGEST**
SUMMIT LOGISTICS INT'L
ATTN PRESIDENT OR MANAGING AGENT
780 NOGALES STREET, BUILDING D
CITY OF INDUSTRY, CA 91748

**PROOF OF CLAIM ADDRESS**
SUMMIT LOGISTICS INT'L
ATTN PRESIDENT OR MANAGING AGENT
800 FEDERAL BLVD
CARTERET, NJ 07008

**SCHEDULE F/20 LARGEST**
TRAVELERS
ATTN PRESIDENT OR MANAGING AGENT
CL REMITTANCE CTR
HARTFORD, CT 06183-1008

**SCHEDULE F/20 LARGEST**
UPS FREIGHT
ATTN PRESIDENT OR MANAGING AGENT
28013 NETWORK PLACE
CHICAGO, IL 60673-1280

**PROOF OF CLAIM ADDRESS**
UNITED PARCEL SERVICE (FREIGHT)
C/O RECEIVABLE MANAGEMENT SERVICES
PO BOX 4396
TIMONIUM, MD 21094

**PROOF OF CLAIM ADDRESS**
UNITED PARCEL SERVICE
C/O RECEIVABLE MANAGEMENT SERVICES
PO BOX 4396
TIMONIUM, MD 21094

RETURNED MAIL

**RETURNED 3/2/11, UNDELIVERABLE SCHEDULE D, NOTICE PURPOSES**
CITICORP LEASING INC
ATTN PRESIDENT OR MANAGING AGENT
450 MAMARONECK AVE
HARRISON, NY 10528-2400

**RETURNED 5/16/2011, 5/31/2011, SEE NEW ADDRESS**
**SCHEDULE D, NOTICE PURPOSES**
KEY EQUIPMENT FINANCE
ATTN PRESIDENT OR MANAGING AGENT
3075 HIGHLAND PKWY FL UCC DEPT
DOWNERS GROVE, IL 60515-1288

**EMAIL RECEIVED 5/22/2011 REQUESTING TO BE REMOVED FROM THE SERVICE LIST**
**ATTORNEYS FOR CATHAY BANK**
PAULINE M STEVENS ESQ
MARC B LEH ESQ
MORRISON & FOERSTER LLP
555 W FIFTH ST
LOS ANGELES, CA 90013-1024

# DUCK HOUSE - U.S. MAIL SERVICE LIST

**INTERESTED PARTY**
OFFICE OF UNITED STATES TRUSTEE (RS)
3685 MAIN STREET SUITE 300
RIVERSIDE, CA 92501

**RFSN - ATTORNEYS FOR CATHAY BANK**
MICHAEL G. FLETCHER, ESQ.
NICHOLAS A. MERKIN, ESQ.
FRANDZEL ROBINS BLOOM & CSATO LC
6500 WILSHIRE BLVD
SEVENTEENTH FLOOR
LOS ANGELES, CA 90048-4920

**ATTORNEYS FOR CATHAY BANK**
GARY OWEN CARIS ESQ
MCKENNA LONG & ALDRIGE LLP
300 SOUTH GRAND AVE 14TH FLOOR
LOS ANGELES, CA 90071-3124

**ATTORNEYS FOR CATHAY BANK**
PAULINE M. STEVENS, ESQ.
MARC B. LEH, ESQ.
MORRISON & FOERSTER LLP
555 W FIFTH ST
LOS ANGELES, CA 90013-1024

**ATTORNEYS FOR CHINATRUST BANK**
BARRY FREEMAN, ESQ.
JEFFER MANGELS BUTLER & MITCHEL LLP
1900 AVE OF THE STARS 7TH FLOOR
LOS ANGELES, CA 90067

**ATTORNEYS FOR THE COMMITTEE**
ROBERT OPERA, ESQ
WINTHROP COUCHOT PC
660 NEWPORT CENTER DRIVE
FOURTH FLOOR
NEWPORT BEACH, CA 92660

**RFSN**
JAMES D. ARONOWITZ, ASSOCIATE
GENERAL COUNSEL
IMG COLLEGE/THE COLLEGIATE LICENSING
COMPANY
290 INTERSTATE NORTH CIRCLE, SUITE 200
ATLANTA, GA 30339

**RFSN**
NFL PROPERTIES LLC
ATTN MATTHEW MORGADO
280 PARK AVENUE
NEW YORK, NY 10017

**SCHEDULE D**
CATHAY BANK
ATTN DAVID L PRICE, VICE PRESIDENT
LOAN SYNDICATIONS
777 N BROADWAY
LOS ANGELES, CA 90012

**RFSN - SCHEDULE D, ADDITIONAL NOTICE**
CATHAY BANK
ATTN GREGORY BADURA
ATTN SANDRA SHA KENYON, FIRST VICE
PRESIDENT
9650 FLAIR  DR
EL MONTE, CA 91731

**SCHEDULE D, NOTICE PURPOSES**
CHINATRUST BANK
ATTN MELVIN O. REDFORD, EXECUTIVE
VICE PRESIDENT
22939 HAWTHORNE BLVD
TORRANCE, CA 90505

**PROOF OF CLAIM**
FRIESING INVESTMENTS, INC., DBA
GULF COAST SALES AND MARKETING
ATTN PRESIDENT OR MANAGING AGENT
PO BOX 2767
ADDISON, TX 75001

**RFSN - ATTORNEYS FOR WILLIAM S. KAY,
THE LIQUIDATING TRUSTEE FOR BFW
LIQUIDATION LLC (FKA BRUNO'S
SUPERMARKETS LLC)**
JOHN D. ELROD, ESQ.
GREENBERG TRAURIG LLP
ATTORNEYS FOR WILLIAM S. KAY, THE
LIQUIDATING TRUSTEE FOR BFW
LIQUIDATION LLC (FKA BRUNO'S
SUPERMARKETS LLC)
3290 NORTHSIDE PARKWAY SUITE 400
ATLANTA, GA 30327

**SCHEDULE F/20 LARGEST**
A TO Z MARKETING VENTURES, LLC.
ATTN ANTHONY ZIENO
17 SIVER STREET
SIDNEY, NY 13838

**SCHEDULE F/20 LARGEST**
BOB KUNICK ASSOC. INC.
ATTN BOB KUNICK
12223 LEE HIGHWAY
FAIRFAX, VA 22030-6341

**SCHEDULE F/20 LARGEST**
BULLET TRANSPORTATION SERVICES
ATTN PRESIDENT OR MANAGING AGENT
P.O. BOX 809066
CHICAGO, IL 60680-9066

**COMMITTEE MEMBER - ADDITIONAL
NOTICE - PROOF OF CLAIM ADDRESS**
BULLET TRANSPORTATION SERVICES
ATTN TERRY HANDELAND, COLLECTIONS
MANAGER
4900 S PENNSYLVANIA AVE
CUDAHY, WI 53110

**SCHEDULE F/20 LARGEST**
CONTINENTAL AGENCY
ATTN PRESIDENT OR MANAGING AGENT
1400 MONTEFINO AVE. SUITE 200
DIAMOND BAR, CA 91765

**SCHEDULE F/20 LARGEST**
CREATIVE DOCUMENT SOLUTIONS
ATTN PRESIDENT OR MANAGING AGENT
1629 MARION-WALDO ROAD
MARION, OH 43302

**SCHEDULE F/20 LARGEST**
DOUG STEWART
P.O. BOX 5016
ANDERSON, SC 29623

**SCHEDULE F/20 LARGEST**
FLORIDA SPORTS NETWORK
ATTN PRESIDENT OR MANAGING AGENT
221 BLUE JUNIPER BLVD.
VENICE, FL 34292

**SCHEDULE F/20 LARGEST**
HOLLEY SALES
ATTN SHANE HOLLEY
12205 KIMBERLYN ROAD
OKLAHOMA CITY, OK 73162

**SCHEDULE F/20 LARGEST**
JOSEPH K. CLARK DBA ALL SEASONS
MARKETING
237 SOUTH CURTIS RD SUITE 100
WEST ALLIS, WI 53214-1030

**SCHEDULE F/20 LARGEST**
L.B. WOOD MARKETING, INC.
ATTN PRESIDENT OR MANAGING AGENT
7121 FISH POND ROAD
WACO, TX 76710

**SCHEDULE F/20 LARGEST**
LICENSING RESOURCE GROUP LLC
ATTN BETSY FLAMBOE
442 CENTURY LANE, SUITE 100
HOLLAND, MI 49423

**SCHEDULE F/20 LARGEST**
LIUZHOU WANTEX TRADING CO., LTD.
ATTN PRESIDENT OR MANAGING AGENT
NO.3, THE SECOND YANGHE INDUSTRIAL
PARK
LIUZHOU, GX
CHINA

**SCHEDULE F/20 LARGEST**
LOGO AMERICA, LLC
ATTN PRESIDENT OR MANAGING AGENT
22123 W. 83RD STREET.
SHAWNEE, KS 66227

**SCHEDULE F/20 LARGEST**
LONG SALES GROUP
ATTN PRESIDENT OR MANAGING AGENT
451 E. 58TH AVENUE #1669
DENVER, CO 80216

**COMMITTEE MEMBER - SCHEDULE F**
MACKIE & ASSOCIATES
ATTN NORM MEIDL
2100 NO. SEPULVEDA BLVD, SUITE 18
MANHATTAN BEACH, CA 90266

**SCHEDULE F/20 LARGEST**
MARK WILLIAMS AND COMPANY
ATTN MARK WILLIAMS
4940 BROOKSVIEW CIRCLE
NEW ALBANY, OH 43054

**SCHEDULE F/20 LARGEST**
MORRISON SALES
MERRIL H. MORRISON
9 MONTROSE LANE
MANCHESTER TOWNSHIP, NJ 8759

**SCHEDULE F/20 LARGEST**
NANCY ANDERSEN
37 PATRIOT WAY
PEMBROKE, MA 2359

**SCHEDULE F/20 LARGEST**
NFL PROPERTIES LLC-LICENSING GPO
ATTN PRESIDENT OR MANAGING AGENT
P.O. BOX 27278
NEW YORK, NY 10087-7278

**SCHEDULE F/20 LARGEST**
OHIO STATE UNIVERSITY
ATTN UNIVERSITY LICENSING PROGRAM
DEPT. 1760
COLUMBUS, OH 43271-1760

**ADDITIONAL NOTICE**
OHIO STATE UNIVERSITY
ATTN UNIVERSITY LICENSING PROGRAM
1100 KINNEAR ROAD SUITE 210
COLUMBUS, OH 43212-1152

**SCHEDULE F/20 LARGEST**
P.T.L. SALES
ATTN PRESIDENT OR MANAGING AGENT
P.O. BOX 6120
STUART, FL 34997

**SCHEDULE F/20 LARGEST**
PARTNER'S DELIVERY, INC.
ATTN PRESIDENT OR MANAGING AGENT
1927 A HARBOR BLVD, #151
COSTA MESA, CA 92627

**SCHEDULE F/20 LARGEST**
QUARTZ LOGISTICS INC.
ATTN PRESIDENT OR MANAGING AGENT
731 S. GARFIELD AVE
ALHAMBRA, CA 91801

**SCHEDULE F/20 LARGEST**
RODOLFO RODRIGUEZ AGUILAR
8430 MISSION BLVD.
RIVERSIDE, CA 92509

**SCHEDULE F/20 LARGEST**
SDJ, LLC
ATTN PRESIDENT OR MANAGING AGENT
14176 HWY 87 N.
EDEN, NC 27288

**SCHEDULE F/20 LARGEST**
SPRINT
ATTN PRESIDENT OR MANAGING AGENT
P O BOX 219100
KANSAS CITY, MO 64121-9100

**CLAIM FILED - RELATED TO SPRINT
COMMERCIAL (XXX 8357)**
DILIGENTSIA CAPITAL GROUP LLC
C/O RECOVERY MANAGEMENT SYSTEMS
CORPORATION
RAMESH SINGH
25 SE 2ND AVENUE SUITE 1120
MIAMI, FL 33131-1605

**SCHEDULE F/20 LARGEST**
SUMMIT LOGISTICS INT'L
ATTN PRESIDENT OR MANAGING AGENT
780 NOGALES STREET, BUILDING D
CITY OF INDUSTRY, CA 91748

**SCHEDULE F/20 LARGEST**
TREASURES
ATTN DAVE MACMILLAN
7014 59TH ST, CT. W
UNIVERSITY PLACE, WA 98467

**SCHEDULE F/20 LARGEST**
UPS FREIGHT
ATTN PRESIDENT OR MANAGING AGENT
28013 NETWORK PLACE
CHICAGO, IL 60673-1280

**PROOF OF CLAIM ADDRESS**
UNITED PARCEL SERVICE (FREIGHT)
C/O RECEIVABLE MANAGEMENT SERVICES
PO BOX 4396
TIMONIUM, MD 21094

RETURNED MAIL

**2/4/11; PER MARY JANE EVANS AT
MINNEAPOLIS MART - CREDITOR HAS
NOT BEEN AT ADDRESS FOR 3+ YEARS
SCHEDULE F/20 LARGEST**
OSTROM'S & ASSOCIATES
ATTN PRESIDENT OR MANAGING AGENT
10301 BREN ROAD WEST, SUITE 340
MINNETONKA, MN 55343

**2/23/11; NOT DELIVERABLE AS
ADDRESSED; INSUFFICIENT ADDRESS
SCHEDULE F/20 LARGEST**
TRANSWORLD SYSTEMS, INC.
ATTN PRESIDENT OR MANAGING AGENT
ATTN: TSI COMMERCIAL DIVISION
CHICAGO, IL 60673-1248