PETER C. ANDERSON
UNITED STATES TRUSTEE
ABRAM S. FEUERSTEIN, SBN 133775
ASSISTANT UNITED STATES TRUSTEE
MICHAEL J. BUJOLD, SBN 277104
TRIAL ATTORNEY
UNITED STATES DEPARTMENT OF JUSTICE
OFFICE OF THE UNITED STATES TRUSTEE
3685 Main Street, Suite 300
Riverside, CA 92501-2804
Telephone:    (951) 276-6990
Facsimile:    (951) 276-6973
Email:        Michael.J.Bujold@usdoj.gov

# UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA
### RIVERSIDE DIVISION

| | |
|---|---|
| In re:<br><br>TRADE UNION INTERNATIONAL INC, a California corporation,<br><br>Debtor.<br><br>In re:<br><br>DUCK HOUSE, INC., a California corporation,<br><br>Debtor. | Case No. 6:11-bk-13071-DS<br><br>Jointly Administered with<br>Case No. 6:11-bk-13072-DS<br><br>Chapter 11<br><br>**UNITED STATES TRUSTEE'S LIMITED OBJECTION TO THE APPLICATION TO EMPLOY CORPORATE RECOVERY SERVICES AS BUSINESS AND FINANCIAL ADVISORS FOR THE COMMITTEE OF UNSECURED CREDITORS**<br><br>[Pursuant to LBR 9013-1(o)(4), Request For Hearing] |

**TO THE HONORABLE DEBORAH J. SALTZMAN, UNITED STATES BANKRUPTCY JUDGE, APPLICANT, AND ALL PARTIES-IN-INTEREST:**

Peter C. Anderson, the United States Trustee for Region 16 (the "U.S. Trustee"), pursuant to 11 U.S.C. § 328 and Federal Rules of Bankruptcy Procedure 2014 and 2016, hereby objects to the *Application of Committee of Creditors Holding Unsecured Claims for Authority to Employ*

-1-

*Corporate Recovery Services (the "Applicant") as its Business and Financial Advisors (the "Application").*[1]

## I.   THE APPLICANT HAS NOT DEMONSTRATED "EXTRAORDINARY CIRCUMSTANCES" TO JUSTIFY *NUNC PRO TUNC* EMPLOYMENT

The Application was filed on September 22, 2011. Although not set forth in the caption or notice, the Applicant seeks *nunc pro tunc* approval for a retention date of June 27, 2011. The Application does not offer any explanation for the tardy filing, but the Applicant bears the burden of demonstrating that its failure to file a timely employment application resulted from extraordinary or exceptional circumstances.

This burden is a considerable one. Courts have adopted multi-factored test to determine if *nunc pro tunc* employment should be granted. For example, the Court in *Mahoney, Trocki & Assocs., Inc.*, 54 B.R. 823, 826 (Bankr. S.D. Cal 1985) adopted the following factors:

(1)   whether there was an express employment agreement between the debtor, the trustee or creditors committee and the professional person;

(2)   whether notice of the request for *nunc pro tunc* relief was properly given and an opportunity for objection provided;

(3)   whether the professional person has met and currently meets the 11 U.S.C. § 327 employment requirements for all time periods for which employment approval is sought;

(4)   whether the professional person has made the threshold showing justifying employment under Rule 2014;

(5)   whether the professional person exhibits a pattern of inattention or negligence in soliciting prior judicial approval of employment before the court;

(6)   whether the failure to seek preemployment approval is satisfactorily explained;

(7)   whether the estate or any other party in interest will be actually or potentially

---

[1]   Docket No. 196.

1         prejudiced by entry of a *nunc pro tunc* order; and

2     (8)    whether the work performed by the professional person prior to the *nunc pro tunc*

3         application has been of high quality and performed property and efficiently.

Other courts have adopted similar tests. *See, e.g., Credit Alliance Corp. v. Boies (In re Crook)*, 79 B.R. 475, 478 (B.A.P. 9th Cir. 1987). While the Ninth Circuit does not appear to have expressly endorsed any test, it has made clear that *nunc pro tunc* approval will not be granted unless an applicant (i) satisfactorily explains his for her failure to receive prior employment approval on a timely basis; and (ii) demonstrates that the services rendered benefited the estate in a significant manner. *Atkins v. Wain, Samuel & Co. (In re Atkins)*, 69 F.3d 970, 975-76 (9th Cir. 1995).

        The Applicant is a sophisticated party who should be fully familiar with the provisions governing employment and retention in bankruptcy cases. According to the Application, the Applicant has "extensive experience providing financial consulting services for financially-distressed businesses and official creditors' committees in bankruptcy cases." The Applicant must demonstrate exceptional circumstances and must explain why it did not file an employment application for almost three months after the proposed retention date.

## II.    THE APPLICATION VIOLATES THE LOCAL BANKRUPTCY RULES

        The Application also violates the Local Bankruptcy Rules ("LBRs"). LBR 2014-1(b)(1)(E) provides "A timely application for employment is a prerequisite to compensation from the estate." This rule serves an important oversight function. Without a timely employment application, the Court and other parties-in-interest are unable to effectively monitor the use of estate funds that may reduce any recovery to creditors. Moreover, a timely and complete employment application is necessary to determine whether proposed professionals are disinterested and qualified to render services to the estate. Given the unexplained delay in the filing of the Application, the Applicant has not demonstrated why it should be entitled to compensation from the estate as of June 27, 2011.

//

//

**III.    CONCLUSION**

**WHEREFORE**, for the reasons set forth above, the U.S. Trustee respectfully requests that this matter is set for a hearing on the Court's Chapter 11 law and motion calendar, and for such other relief as the Court deems just and proper.

DATED: October 5, 2011             PETER C. ANDERSON
                                   UNITED STATES TRUSTEE


                                   By:    /s/ Michael J. Bujold
                                          Michael J. Bujold
                                          Trial Attorney

**PROOF OF SERVICE OF DOCUMENT**

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
Office of the U.S. Trustee
3685 Main Street, Suite 300
Riverside, CA 92501

A true and correct copy of the foregoing document described as **UNITED STATES TRUSTEE'S LIMITED OBJECTION TO THE APPLICATION TO EMPLOY CORPORATE RECOVERY SERVICES AS BUSINESS AND FINANCIAL ADVISORS FOR THE COMMITTEE OF UNSECURED CREDITORS** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

I. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On October 5, 2011, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

- James C Bastian jbastian@shbllp.com
- Michael G Fletcher mfletcher@frandzel.com, efiling@frandzel.com;shom@frandzel.com
- Barry V Freeman bvf@jmbm.com, bvf@jmbm.com
- Allan P Leguay leguay@pacbell.net
- Elizabeth A Lossing elizabeth.lossing@usdoj.gov
- Nicholas A Merkin nmerkin@frandzel.com, efiling@frandzel.com;bwilson@frandzel.com
- Robert E Opera ropera@winthropcouchot.com, sconnor@winthropcouchot.com;pj@winthropcouchot.com
- Ramesh Singh claims@recoverycorp.com
- James M Sullivan jsullivan@mosessinger.com, ccaruso@mosessinger.com;dkick@mosessinger.com
- United States Trustee (RS) ustpregion16.rs.ecf@usdoj.gov
- Andrew F Whatnall awhatnall@daca4.com

II. **SERVED BY U.S. MAIL OR OVERNIGHT MAIL**(indicate method for each person or entity served)**:** On October 5, 2011, I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

| | |
|---|---|
| Richard Feferman, CIRA | Robert E Opera |
| Senior Managing Director | 660 Newport Center Dr Ste 400 |
| Corporate Recovery Associates | Newport Beach, CA 92660 |
| 3830 Valley Center Drive; Suite 705-152 | |
| San Diego, CA 92130 | |

III. **SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on October 5, 2011, I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.

Hon. Deborah J. Saltzman, bin outside Courtroom 304, Riverside Division

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| October 5, 2011 | Donna Dupree | /s/ Donna Dupree |
|---|---|---|
| *Date* | *Type Name* | *Signature* |